## M. E. NICHOLS v. THE STATE.

### No. 1608. Decided March 16, 1898.

**1. Passing a Forged Instrument—Former Acquittal.**

On a trial for passing a forged note, where it appeared that defendant had deposited, at the same time, with the prosecutor two separate and distinct notes as security for the same debt, which notes were alleged to be forged, an acquittal on a prosecution for passing one of said notes would not be a bar to a prosecution for passing the other note.

**2. Same—Variance as to Name of Maker of Note—Fictitious Person.**

On a trial for passing a forged note, where the indictment stated the name of the maker as Dehong, and defendant claimed variance in that it was Delong, and the name to the note could be read either Dehong or Delong; and the court instructed the jury, if they believed the name was Delong, and not Dehong, they would acquit defendant; Held, defendant could not complain, especially where the proof tended to show that the purported signer was a fictitious person.

**3. Same—Circumstantial Evidence—Charge.**

On a trial for passing a forged instrument, two of the essential facts to be proved are, the forgery and the knowledge on the part of the utterer; and where these facts are established alone by circumstantial evidence, it is error for the court to omit to charge or refuse a requested instruction upon circumstantial evidence, and the error, if excepted to, or brought forward in the motion for new trial, will constitute reversible error.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction for passing a forged instrument; penalty, two years imprisonment in the penitentiary.

In February, 1897, the appellant applied to the prosecuting witness, Joe Honeycutt, in Gainesville, at Honeycutt's livery stable, to indorse his draft for $10 on one Penniwell, at Greenville, Texas, who was then, according to the undisputed testimony, in defendant's employ, and to secure said witness defendant placed in his hands three promissory notes, signed by J. S. Morris, R. B. Brown, and Henry Dehong, or Delong, respectively (whichever way a jury may see fit to read the latter name). These notes were for the sums of $125, $150, and $70 respectively, and were written on printed blanks, payable to defendant M. E. Nichols, the name "M. E. Nichols" also being in print on the note as payee. Honeycutt accommodated appellant and indorsed his draft for $10. For reasons indicated by appellant in his testimony (and because Penniwell refused to pay the draft, as defendant was then largely indebted to him) this draft was returned unpaid, and Honeycutt was forced to pay it.

At the spring term, 1897, the grand jury returned three bills of indictment,—one for forgery, one for passing a forged instrument, and one for having in his possession a forged instrument with intent to pass it; that is to say, there were three separate indictments based on each note with three counts in each as above stated. The names signed to the notes, viz., J. S. Morris, R. B. Brown, and Henry Dehong, or Delong, were charged in the indictments to be fictitious names, and the said parties were alleged to be fictitious persons.

In June, 1897, the defendant was placed on trial under the J. S. Morris indictment, and acquitted by the jury. At the fall term he was placed on trial on the Henry Dehong note, and after his plea of former acquittal had been stricken out.

*Culp, Giddings & Giddings,* for appellant.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of passing as true an alleged forged instrument in writing, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

Appellant filed a plea setting up former acquittal, and alleged that it was the same transaction for which he was being prosecuted in this case. On motion, this was stricken out, and appellant reserved his exceptions. The acquittal, as shown by the proceeding, was upon an entirely different note from that set up in this prosecution, and the court did not err in striking out the plea. The other note upon which appellant was acquitted, it is true, was deposited with the prosecutor as security in the same transaction as the note upon which this prosecution is based, and was security for the same debt. But the note itself was a distinct and different note, and the passing of said note, though at the

39th Crim. Rep.—6

same time and in the same transaction, was not susceptible of proof, as being the same act as the passing or uttering of the note upon which this indictment is predicated. The other note may have been a genuine note, not a forgery. His acquittal as to that transaction could not operate as a bar to a prosecution in the present case.

Appellant insisted that there was a variance between the proof and the allegation as to the name signed to the alleged forged note. Appellant claimed that it was Delong, and the indictment stated the name Dehong. Appellant testified that the party's name, as signed to it, was Delong, and not Dehong. Whatever there was in this question of variance, appellant had the full benefit of the testimony in the charge of the court, as the jury were instructed, if they believed the name set out in the indictment was Henry Delong, and not Henry Dehong, to acquit the defendant. As appellant insists that the name signed to said note is Delong, it might be well that a new indictment be presented, with a count setting up the name as Henry Delong, as it appears the note may be read either Henry Dehong or Henry Delong. In either event, the proof of the State tends to show that the signer of said note was a fictitious person.

On the trial of the case appellant requested the court to give a special instruction presented by him on circumstantial evidence. The court refused this charge, and stated as a reason therefor "that he did not think the case required a charge on circumstantial evidence; and because the case was closed, the jury instructed, and retired to consider of their verdict, about 4 o'clock p. m., on December 21st, and the requested charge was presented at 9 o'clock a. m. on December 22d, while the jury was still deliberating upon the case." The court's charge contained no charge on circumstantial evidence. This failure and refusal of the court to charge on circumstantial evidence was brought forward in appellant's motion for a new trial. This brings up the question whether or not the evidence was such as to require a charge on circumstantial evidence. It is urged on the part of the State that the act of passing the alleged forged instrument was proven by direct and positive testimony, and although the forgery of said instrument, and that appellant knew when he passed it that it was forged, was proven by circumstantial testimony, this did not constitute the case one of circumstantial evidence alone. It may be conceded that the case is not one consisting of circumstantial evidence alone; nevertheless it occurs to us that the gravamen or gist of the offense here does consist of circumstances. Indeed, the main inculpatory facts are proved by circumstantial evidence. In the offense of passing a forged instrument, an essential ingredient thereof is that such instrument was forged, and that the utterer knew that it was at the time he passed it. The mere passing of an instrument amounts to nothing unless the other essential elements be established, to wit, the forgery and the knowledge on the part of the utterer. These are the main or essential facts to be proved, and, where they are established alone by circumstantial evidence, a charge on that subject,

when requested, should be given, and a failure to charge, when properly excepted to, will constitute error. We are aware of the rule, and we adhere to the same, that when the main act constituting the gravamen of the offense is proved by direct testimony, and the intent merely with which the act was done is proven by circumstantial evidence a charge on circumstantial evidence will not be absolutely necessary; but this case does not come within that rule. Here, as stated above, the essential elements constituting the offense charged was not the mere passing of an instrument, but the passing of a forged instrument with knowledge on the part of the utterer at that time that it was a forgery. This, as stated above, was the gist of the offense. The passing of the same, though proved by direct testimony, did not relieve the case of being one involving circumstantial evidence, where all the other proof was established by that character of testimony, and, in our opinion, the court should have given the requested charge. It is not necessary here to discuss other assignments. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*