EDGAR LASISTER v. THE STATE.

No. 3600.   Decided March 22, 1906.

**1.—Passing Forged Instrument—Allegation and Proof—Variance.**

Where upon trial for passing a forged instrument upon a certain party alleged in the indictment, the evidence showed that the defendant passed the instrument to another party not alleged in the indictment who took it to the party alleged in the indictment, had the same cashed by him and then handed the money to the defendant, a charge that under these circumstances defendant would be entitled to acquittal should have been given. Following Huntly v. State, 34 S. W. Rep., 923; Riley v. State, 44 id., 498.

**2.—Same—Charge of Court—Circumstantial Evidence.**

Where upon trial for passing a forged instrument the evidence showed that if the same was forged, it was only shown by circumstances and these of rather a negative character, a charge on circumstantial evidence should have been given. Following Nichols v. State, 44 S. W. Rep., 1091.

**3.—Same—Confession—Warning—Acts of Defendant.**

Upon a trial for passing a forged instrument where the acts of the defendant while under arrest, without being warned, and which were criminative, were introduced over the objection of defendant, there was reversible error.

**4.—Same—Evidence—Negative Testimony—Tax Rolls.**

Upon trial for passing a forged instrument where the State resorted to circumstantial evidence to prove that the name signed to the alleged forged instrument was fictitious, it was error to permit the State to introduce testimony by the tax collector that such name did not appear on his roll.

**5.—Same—Misconduct of Jury—Defendant's Failure to Testify.**

Where upon appeal from a conviction of passing a forged instrument the motion for a new trial showed that the jury in their deliberation referred to the fact that the defendant had failed to testify, the conviction must be set aside.

Appeal from the District Court of Potter.   Tried below before the Hon. Ira Webster.

Appeal from a conviction of passing forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gustavus, Bowman & Jackson,* for appellant.

*Howard Martin,* Assistant Attorney-General for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains four counts: the last of which forms the predicate for the verdict. The count charged the passing of the alleged forged instrument upon J. M. Wright, junior member of the firm of D. M. Wright & Son. Witness Hargrove testified that on the morning the check was passed, appel-

lant came into the store and bought a hat, for which he charged him $1.50. In payment of which he handed Hargrove a check for $10. This is the alleged forged instrument. After receiving the check, Hargrove took it to J. M. Wright, who cashed it, and gave the money to Hargrove, who handed it to appellant. Appellant asked a charge to the effect that, under these circumstances appellant would be entitled to an acquittal, if the check was passed to Hargrove, which was refused. Under the authority of Huntly v. State, 34 S. W. Rep., 923 and Riley v. State, 44 S. W. Rep., 498, this charge should have been given. The facts are closely analogous to those in Huntly's case. That case was reversed because of the failure to give a similar charge, as was Riley's case.

It is urged that the court should have given a charge on circumstantial evidence. This grows out of the fact that if the instrument was forged, it was only shown by circumstances, and these are of a rather negative character. This phase of the case is brought strictly within the rule laid down in Nichols v. State, 44 S. W. Rep., 1091. It was therefore error to refuse the instruction submitting the issue of circumstantial evidence.

Appellant having been arrested was placed in jail. While so incarcerated, Wright went in his surrey to the jail, and in company with Keaton, deputy sheriff, took appellant therefrom, placed him in the surrey, and started to the country with him to find a man by the name of Johnson, from whom appellant said he obtained the check. They did not make this trip on account of appellant's refusal to go. He was not warned. A number of acts of appellant as well as his conduct while in the possession of these parties was introduced before the jury as evidence indicative of his guilt. Appellant's exception to the introduction of this testimony should have been sustained. The court excluded the remarks of appellant during the conversation between the parties, but admitted his acts. It has been well settled in this State, at least since Nolen's case, 14 Texas Crim. App., 474, that the acts of a party under arrest, without being warned, when they tend to incriminate are interdicted by the statute which prohibits the use of confessions. See also Adams v. State, 16 Texas Crim. App., 172; Thompson v. State, 78 S. W. Rep., 691. Other acts of appellant while under arrest were introduced, and they come within the purview of this rule. We deem it unnecessary to discuss them, as the trial court will understand upon another trial that all acts of a criminative nature used against appellant while so under arrest are illegitimate and should be excluded.

There was testimony introduced that the name of J. C. Johnson, did not appear on the tax rolls which should have been excluded. The State undertook to prove the forgery of the name of J. C. Johnson in a negative way, among other things, by showing that his name was not on the tax rolls. The rolls were not introduced, and the officer claiming to be the custodian of such tax rolls was permitted to state

that the name of J. C. Johnson did not appear on said rolls. We believe this evidence should have been excluded. Of course, the State may resort to such circumstances as are legitimate to prove the fact that J. C. Johnson was a fictitious person, but we hardly believe it permissible to show such fact by the tax collector that the name of J. C. Johnson did not appear on his rolls. We do not understand that this proves or tends to prove that J. C. Johnson did not sign the check or that he was a fictitious person. It would not, in our judgment, be a circumstance even because his name did not appear upon the tax rolls, that therefore he did not sign a check, or that he was a fictitious person.

It is hardly necessary to discuss the misconduct of the jury, in which they referred to the failure of appellant to testify. This misconduct is fully shown in the motion for new trial. This will not occur upon another trial.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*