RODNEY T. VERNER v. THE STATE.

No. 13906. Delivered February 4, 1931.

The opinion states the case.

*W. H. Tolbert,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is knowingly possessing a forged instrument with intent to pass same as true; the punishment, confinement in the penitentary for three years.

The count in the indictment under which appellant was convicted follows the form laid down in Willson's Texas Criminal Forms, 4th Edition, at page 219. It was not averred that appellant knowingly possessed the instrument, it being alleged, in substance, that appellant did unlawfully and fraudulently have in his possession said instrument, with intent to use and pass the same as true. After alleging that the instrument was false and forged and setting it out by its tenor, the indictment concludes with the allegation that appellant then and there knew said instrument to be false and forged. Appellant does not question the sufficiency of the indictment, but the state's attorney before this court calls attention to the fact that article 998, Penal Code, provides that if any person "shall knowingly have in his possession any instrument in writing, the making of which is by law an offense, with intent to use or pass the same as true he shall be confined," etc. The averments are direct to the point that appellant knew the instrument to be forged and false. It being alleged that he unlawfully and fraudulently possessed the instrument with intent to pass it as true, we think the indictment sufficiently charges that he knowingly possessed it. See Jennings v. State, 88 Texas Crim. Rep., 639, 229 S. W., 525.

The check alleged to be forged and possessed by appellant with intent to pass same as true purported to be a cashier's check issued by the Stockyards Exchange State Bank of Fort Worth in the sum of $500, payable to Fred W. Dunn, and executed by H. H. Hutchins, assistant cashier of the bank. Red Wells, an accomplice witness, testified that appellant had him go to a photographer and borrow a check protector, which he delivered to appellant; that thereafter appellant came to his house with some checks which had already been filled out; that he went with appellant in appellant's car to Austin, where, at the instance of appellant, he bought a shotgun with one of the checks and received some

money in change, which he gave to appellant; that upon returning to Fort Worth, appellant hid the check protector under a culvert near Fort Worth and that he (Wells) rolled the checks up in a curtain and hid them in appellant's car. Wells having been arrested, told an officer where the check protector and checks might be found. The officer recovered the check protector under the culvert, and, upon searching the appellant's automobile, found several checks in the car, one of them being the check upon which the prosecution was based. It appears from the State's testimony that the check protector and checks were in a suitcase belonging to Wells' wife and in the possession of Wells at the time the parties started on their trip to Austin. This witness testified that appellant came to the house and asked for the checks and check protector, saying they belonged to him. The State also proved by the photographer from whom Wells had borrowed the check protector that it belonged to him, and that he had loaned it to Wells. Wells testified that appellant told him he wanted him to help him cash the checks. Appellant admitted in his testimony that he made the trip to Austin with Wells but denied that he had in possession any of the checks introduced in evidence. He said that he did not know they were in his car; that he did not make the instruments and knew nothing about them whatever. He offered witnesses who testified that Wells and one Ruiz, who seems to have had some connection with the forged instruments, had stated in their presence that they were going to place the checks in appellant's car, and implicate him in the transaction.

Appellant timely and properly objected to the failure of the court to submit an instruction covering the law of circumstantial evidence. The opinion is expressed that the learned trial judge fell into error in declining to respond to the exception. The mere possession of an instrument amounts to nothing unless the other essential elements be established, to-wit, the forgery and knowledge on the part of the possessor. These are the main or essential facts to be proved. Where they are established alone by circumstantial evidence a charge on that subject, when timely requested, should be given. Nichols v. State, 39 Texas Crim. Rep., 80, 44 S. W., 1091; Johnson v. State, 82 Texas Crim. Rep., 585, 200 S. W., 522. No one saw appellant execute the check. It was not payable to appellant. The fact that he executed said instrument and that it was a forgery rested upon inferences to be drawn from the circumstances surrounding appellant's possession of the check protector, his possession of the checks, the fact that there was no bank in Fort Worth of the name shown on the check, and appellant's conduct in hiding the checks and protector after the uttering of one of the checks in the city of Austin. These circumstances were related by the accomplice and other witnesses. None of such circumstances furnished direct evidence that appellant forged the check or that he had knowledge of the forgery.

It appears from bill of exception No. 4 that appellant had on an occasion several months prior to the prosecution of this case gone to Houston in a car with a Mr. Lange; that thereafter the car was searched and several checks were found in it. Appellant objected to the testimony on the ground that it shed no light on any issue; that it was not shown that said checks had ever been in the possession of appellant or that he had guilty knowledge that they were forgeries. We are unable to determine from the bill of exception whether appellant's objection was well taken. It is the general rule that an accused is to be tried upon the merits of the charge against him and that proof of other crimes is not to be received. Gilbraith v. State, 41 Texas, 567; Fry v. State, 83 Texas Crim. Rep., 500, 203 S. W., 1096. There are exceptions to the rule. That there are cases of passing a forged instrument where there is an issue of guilty knowledge or intent coming within one of the exceptions has often been held by this court. Fry v. State, supra. There being an issue of guilty knowledge in the possession of the instrument in question, evidence that appellant pased other forged checks similar in character at a time not too remote was admissible. However, to make them admissible it was incumbent upon the State to prove that they were forgeries, and, further, that appellant was connected with them. As stated before, we are unable to tell from the bill of exception whether such proof was made. If it was not, the instruments should not have been admitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.