W. D. RODIFER v. THE STATE.

No. 14860. Delivered November 13, 1931.

The opinion states the case..

*Jas. D. Buster,* of Sherman, for appellant..

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for passing a forged instrument; punishment, two years in the penitentiary.

Appellant passed a cashier's check to one Anderson, and being arrested shortly thereafter, there was found in his possession a number of cashier's checks filled out in blank on the same bank. Appellant did not testify. There is no further showing in the record as to who signed the alleged forged check, which was shown to be a forgery. Nor is there any testimony shedding light upon where appellant obtained the other checks found in his possession.

The court did not charge on circumstantial evidence. Appellant presented to the trial court a requested charge submitting the law applicable to a case as one of circumstantial evidence, which charge was refused, and the refusal made the subject of a bill of exception. The failure of the trial court to include in his charge a paragraph submitting the law of circumstantial evidence was also excepted to and brought forward in a bill.

This court seems to have uniformly held since the case of Nichols v. State, 39 Texas Crim. Rep., 80, 44 S. W., 1091, that under facts like these a charge on circumstantial evidence should be given. See Gaut v. State, 49 Texas Crim. Rep., 493, 94 S. W., 1034; Lasister v. State, 49 Texas Crim. Rep., 532, 94 S. W., 233; Martin v. State, 81 Texas Crim. Rep., 307, 194 S. W., 1105; Cox v. State, 92 Texas Crim. Rep., 498, 244 S. W., 605. Since the case must be reversed for this error, the others mentioned will not be discussed.

The judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*