Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for passing a forged instrument; punishment, two years in the penitentiary.

Appellant was convicted of passing a forged check. He passed to Minton a check payable to Ray Mixon; the name Ray Mixon being indorsed on the back of the check at the time it was passed. The check was signed "J. B. Bailey," and the testimony was, in effect, that J. B. Bailey was a fictitious person; no such name being on the books of the bank, or in the city directory, or telephone directory of Dallas, or on the books of the tax collector, and the officers failing to find such party after diligent search and inquiry. A banker testified that the indorsed name "Mixon" and the signed name "Bailey" appeared to be in the same handwriting. This is the state's case.

Appellant excepted to the charge of the court for its failure to submit the law of circumstantial evidence. We think the point well taken. No person swore to having seen appellant forge the check, or to having heard him say that he forged same. No testimony as to appellant's knowledge that the check was forged appears in the record, save the inference based on the above-mentioned similarity of handwriting and that appellant passed same. The conclusion that appellant forged the check or knew it was forged is but an inference arising from testimony suggesting that Bailey was a myth and the similarity of handwriting mentioned and the fact of possession. No one even testified to having seen appellant write anything at any time which might be used as a standard of comparison.

The authorities hold that direct proof of passing a forged instrument will not relieve the trial court from the duty of charging on circumstantial evidence when the case is one for passing a forged instrument, and the fact that the document in question was a forgery, as well as the further fact that the accused knew same to be a forgery, depends on circumstantial evidence. Nichols v. State, 39 Tex.Cr.R. 80, 44 S.W. 1091; Lasister v. State, 49 Tex.Cr.R. 532, 533, 94 S.W. 233; Johnson v. State, 82 Tex.Cr.R. 585, 200 S.W. 522; Cox v. State, 92 Tex.Cr. R. 497, 244 S.W. 605; Verner v. State, 117 Tex.Cr.R. 112, 35 S.W.(2d) 428; Rodifer v. State, 119 Tex.Cr.R. 124, 43 S.W. (2d) 931.

For the error in the failure of the court to charge the jury on the law of circumstantial evidence, the judgment must be reversed and the cause remanded, and it is so ordered.

## MOORE v. STATE.
### No. 17886.

Court of Criminal Appeals of Texas.
Feb. 5, 1936.

Fred Stockdale, of Aspermont, and W. E. Myres, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for theft; penalty assessed at confinement in the penitentiary for two years.

The evidence heard before the trial court is not brought up for review. The indictment and other proceedings appear regular. No error has been perceived or pointed out.

The judgment is affirmed.