CARL ROACH V. THE STATE.

No. 20835. Delivered February 7, 1940.

The opinion states the case.

*Willis & Via, of Pampa,* for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is passing a forged instrument. The punish-

ment assessed is confinement in the state penitentiary for a term of two years.

Appellant complains of the court's action in declining to instruct the jury on the law of circumstantial evidence, or to give his requested instruction on the subject. We are of the opinion that under the evidence he was entitled to such an instruction, because no witness testified to having seen appellant forge the check or heard him say that he forged the same. There was no direct testimony from any source that appellant had knowledge that the check was a forged one; nor is there any evidence that it was in his handwriting. The fact that the check was not made by the company whose act it purports to be is not shown by any direct evidence, but is to be inferred from the testimony of the sheriff and the injured party, who testified that they made some inquiry in Moore County, but could not find any company by that name. Consequently the conclusion that appellant forged the check or knew it was forged is but an inference arising from the testimony.

This court seems to have uniformly held that although there is direct proof of passing a forged instrument, it will not relieve the trial court from charging the jury on the law of circumstantial evidence when the case is one for passing a forged instrument, and especially is this true when the evidence of forgery, as well as the knowledge thereof on the part of the accused, depends on circumstantial evidence. See Nichols v. State, 39 Tex. Crim. Rep., 80, 44 S. W. 1091; Verner v. State, 35 S. W. (2d) 428; Mixon v. State, 90 S. W. (2d), 832, and authorities.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.