## DELBERT BOATRIGHT V. STATE

No. 27,271.   December 15, 1954

*Marvin C. Hanz,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is attempting to pass a forged instrument; the punishment, 2 years.

In view of our disposition of this case, a recitation of the facts shall not be deemed necessary other than to observe that, as in most cases of this nature, the proof of the knowledge on the part of the utterer that it was a forged instrument was deducible only from circumstances. There is no direct evidence that the appellant made the forged instrument or that he knew that it was a forgery when he attempted to pass it.

Appellant objected to the failure of the court to charge on circumstantial evidence.

In Nichols v. State, 39 Texas Cr. Rep. 80, 44 S.W. 1091, we said:

"In the offense of passing a forged instrument, an essential ingredient thereof is that such instrument was forged, *and that the utterer knew that it was at the time he passed it.* The mere passing of an instrument amounts to nothing unless the other essential elements be established, to-wit, the forgery *and the knowledge on the part of the utterer."*

The Nichols case has been followed through the years. See Johnson v. State, 82 Texas Cr. Rep. 585, 200 S.W. 522; Verner v. State, 117 Texas Cr. Rep. 112, 35 S.W. 2d 428; Mixon v. State, 129 Texas Cr. Rep. 584, 90 S.W. 2d 832; and Roach v. State, 138 Texas Cr. Rep. 382, 136 S.W. 2d 614.

In view of another trial, we observe that the originals of the handwriting specimens should be offered in evidence or an explanation made for their non-production.

It is not sufficient to say that the originals were in the files of the Texas Department of Public Safety in Austin. This would show their availability rather than their unavailability. The appellant timely objected to the introduction of the carbon copies on the grounds that they were not the best evidence and that there had been no showing of any effort made to produce the originals. The objection should have been sustained.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.