NORMA JEAN HARRIS V. STATE

No. 31,319. January 13, 1960
Motion for Rehearing Overruled March 9, 1960

*M. Gabriel Nahas, Jr.* Houston, for appellant.

*Dan Walton,* District Attorney, *Howell E. Stone, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

144

MORRISON, Presiding Judge

The offense is passing as true a forged instrument; the punishment two years.

Mary Bailey, an employee of Weingarten's store in Houston, testified that appellant came to her booth on December 20, 1957, presented a courtesy card numbered EE 1098 bearing a "Florence W. Cox" signature and also a $50.00 check bearing a "Florence W. Cox" signature, with the address 510 Bremond written under the name, and that she compared the signatures, consulted her files, and cashed the check for the appellant.

It was shown by other testimony that the bank on which the check was drawn had no account in the name of Florence W. Cox, that such person was unknown, and that there was no such address in Houston as 510 Bremond. Appellant was arrested the following March and was identified in the lineup by Mary Bailey.

Appellant did not testify in her own behalf, but called her grandmother, her mother, and a neighbor, who testified that appellant was sick in bed on December 20 and during the entire week preceding Christmas in 1957. It was also shown that since this check was passed the company which printed the courtesy cards for Weingarten's had changed the manner in which the cards were printed and had adopted tighter security in connection with their care of the cards and the printing equipment used in making them.

The state in rebuttal called two other employees of Weingarten's who testified that they cashed checks for appellant on December 20, 1957, at two different stores belonging to the chain, that she exhibited different courtesy cards to them, and that they later identified her at the police station in a lineup.

The jury resolved the conflict in the evidence against the appellant, and we find it sufficient to support its verdict.

The question raised on appeal relates to the proof of other check passing by appellant.

In Peterson v. State, 157 Tex. Cr. Rep. 255, 247 S.W. 2d 110, we said:

"Bill of exception No. 2 complains that the State was permitted to prove the passing of the three Weatherford feed checks other than the one described in the indictment. The rule authorizing the admission of proof of other transactions to show guilty intent, knowledge or systematic purpose to defraud in forgery and passing cases is best stated in Texas Jurisprudence, Volume 19, Section 54, page 865."

Finding no reversible error, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge

The sufficiency of the evidence to sustain a finding that the check passed by appellant was a forgery, and that appellant knew it was a forged check when she passed it, is challenged. There is other evidence produced by the state which was not set out in our original opinion.

A. E. Morgan, Credit Manager for Weingartens, testified that the $50 check bearing the signature "Florence W. Cox" was returned to the company unpaid; that he began an investigation and found that Courtesy Card No. E.E. 1098 had been issued to Edward J. Winston and not to Florence W. Cox; that no courtesy card had ever been issued to a Florence W. Cox; that there was no such address in Houston as 510 Bremond; that he had not been able to locate anyone by the name of Florence W. Cox in the city of Houston; that in his investigation he found six Weingarten's Courtesy Cards bearing the number E.E. 1098, each bearing a different name, and that at his request Edward J. Winston returned the original Courtesy Card No. E.E. 1098.

The two Weingarten employees called by the state in rebuttal each testified that courtesy cards exhibited to them by appellant bore the number of E.E. 1098, one bearing the name of Helen Taylor and the other Charlotte Craig.

We remain convinced that the evidence is sufficient to sustain the jury's finding that the $50 check purporting to be the check of Florence W. Cox, which appellant passed as true to Mary Bailey, was a forgery, and that appellant knew it was a forged check when she cashed it.

In the absence of an objection to its omission or a request therefor, the failure of the trial judge to charge upon the law of circumstantial evidence is not ground for reversal.

Appellant's motion for rehearing is overruled.