Robert W. CULLOM, Appellant,

v.

The STATE of Texas, Appellee.

No. 40159.

Court of Criminal Appeals of Texas.

March 15, 1967.

Rehearing Denied May 3, 1967.

Marks, Time & Aranson, by Don Black and Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, and Malcolm Dade, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for knowingly passing as true a forged instrument; the punishment, five years.

Trial was had and notice of appeal given after January 1, 1966.

Three grounds of error are urged by the appellant in his brief filed in the trial court.

In two of the grounds, appellant contends that the evidence is insufficient to sustain the conviction and that the court erred in refusing to charge the jury on circumstantial evidence.

The evidence presented by the state germane to such grounds shows that, on the date alleged, the appellant came to the place of business where the complainant, C. D. Massey, was employed. At such time, appellant had in his possession a check—which was introduced in evidence—dated March 11, 1965, in the amount of $100, drawn on the Citizens National Bank, of Dallas, Texas, payable to Robert W. Cullom and purportedly signed by George R. Milner. A dispatcher at the place asked Massey to take the appellant to where he could cash the check and then take him home. After a discussion in which appellant told Massey that Milner had given him the check as a loan, they went to the Oak Cliff Bank & Trust Company drive-in, where they both endorsed the check and deposited it to Massey's account at the bank. Appellant prepared the deposit slip, which provided for the withdrawal of $50 in cash, by Massey. Massey then gave appellant the $50 in cash, with the understanding that he would give him $50 more

the next day. The following day when appellant called and asked for the money, Massey refused to give it to him.

In explaining why he refused, Massey testified:

"Because I had already discovered that the check wasn't any good and I explained it to him and *he admitted it wasn't.*" (Emphasis, supplied.)

It was shown by the testimony of George Milner, whose name was purportedly signed to the check, that he did not sign the instrument and that it was a forgery.

Testifying in his own behalf, appellant admitted going to the bank with Massey and depositing the check. He related that he received the check from one Lloyd Miller, who requested that he cash it for him. He further stated that when he received the check the "payee portion" was in blank and that he filled it out. He denied, however, that he signed the maker's name to the check.

■ We find the evidence sufficient to support the conviction, and overrule the contention that the proof fails to show that appellant knew the check was a forgery. The testimony of the witness Massey that appellant admitted the check was not good was sufficient proof of his knowledge of its falsity.

■ We also overrule the contention that the court erred in refusing to charge the jury on circumstantial evidence because there was no direct evidence that appellant knew the check was a forgery.

Massey's testimony that appellant admitted to him that the check "wasn't any good" constituted direct evidence that he knew the instrument was a forgery.

In Roach v. State, 138 Tex.C.R. 382, 136 S.W.2d 614, and Boatright v. State, 160 Tex.Cr.R. 590, 273 S.W.2d 632, relied upon by appellant, there was no direct evidence that the accused knew the instrument was a forgery, and a charge on circumstantial evidence was required.

■ In his third ground of error, appellant complains that the court erred in permitting the state's witness, Milner, to testify that he had a telephone conversation with someone who identified herself as "Mrs. Massey." It is insisted that this testimony violated the rule against hearsay and was prejudicial to appellant.

We perceive no reversible error. The careful trial judge did not permit the witness to relate details of the conversation. We do not agree that the mere proof that the witness had a telephone conversation with a Mrs. Massey was injurious to appellant.

The judgment is affirmed.