Ralph Gilbert ACUFF, Appellant, Alias O. L. Billups,

v.

The STATE of Texas, Appellee.

No. 41531.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Rehearing Denied Dec. 4, 1968.

T. D. Wells, Paris, for appellant.

Jim N. Thompson, County Atty., Paris, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is unlawfully passing as true a forged instrument; the punishment, five (5) years in the Texas Department of Corrections.

The record reflects that appellant represented himself at his trial after he waived his right to counsel despite the trial court's repeated offers to appoint counsel. He is now represented on appeal by court appointed counsel.

Ray Wunsch, the complaining witness, testified that on September 17, 1966, appellant entered a men's store in Paris, Texas, representing himself to be O. L. Billups. After purchasing a wallet and a "British Sterling" set, he gave to the complaining witness a cashier's draft drawn on the Farmers State Bank of Clarendon, Texas, signed by S. N. Morrison, and payable to O. L. Billups in the sum of $155.00. Such draft was cashed by Wunsch after it had been endorsed "O. L. Billups" by the appellant. Wunsch then deducted the price of the merchandise ($13.77) from the draft and gave the balance in cash to the appellant.

H. M. Breedlove, Vice President of the Farmers State Bank of Clarendon, who had lived in that city 31 years, testified that his bank issued only cashier's checks not drafts; that S. N. Morrison was not an authorized signature; that no person by that name was employed by the bank nor lived in Clarendon or Donley County and that no account was carried in his bank in that name; that the instrument in question had not been issued by his bank and was a forgery; that he did not know an O. L. Billups.

The appellant, testifying in his own behalf, acknowledged several prior felony convictions involving the passing of forged instruments, but denied passing the instrument in question or ever having seen Wunsch.

■ In his first ground of error appellant complains of the admission into evidence of State's Exhibit No. 2, a sales slip prepared by the complaining witness at the time the check in question was passed. The record reflects no objection to the admission of such evidence, and we perceive no error.

■ In his second ground of error appellant complains the prosecution did not prove O. L. Billups to be non-existent. It is observed, however, that the purported maker of the allegedly forged instrument was S. N. Morrison, not O. L. Billups. The testimony of H. M. Breedlove was sufficient to show that S. N. Morrison was a fictitious person. Ground of error #2 is overruled.

■ In his third ground of error appellant contends the indictment should have been quashed because no court reporter was present to take down the grand jury proceedings depriving him of his rights to discovery and due process. As appellant acknowledges, there is no statutory or decisional law requiring a court reporter to record and transcribe all proceedings of the grand jury. Even if a transcription of the grand jury proceedings had been made

in the case at bar, the appellant would not have been entitled to the same without a showing of a "particularized need." Bryant v. State, Tex.Cr.App., 423 S.W.2d 320. See also Hanes v. State, 170 Tex.Cr. R. 394, 341 S.W.2d 428; 4 Branch's Anno. P.C.2d Ed., Sec. 2267. Ground of error #3 is overruled.

The indictment in the case at bar was returned on September 8, 1967, alleging an offense occurring on or about September 14, 1966. We find no merit in appellant's claim that the indictment should be quashed because he had not also been indicted for similar extraneous offenses in cases pending in another county.

The judgment is affirmed.