Lawrence Earl HANEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 41835.

Court of Criminal Appeals of Texas.

Jan. 29, 1969.

Rehearing Denied March 26, 1969.

David G. Stubbeman, Abilene (by Court appointment), for appellant.

Edward R. Paynter, Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is attempting to pass as true a forged instrument; the punishment, five years' confinement in the Texas Department of Corrections.

The State's evidence reflects that on the afternoon of July 22, 1968, the appellant entered the Super Duper Store in Abilene, Texas, selected a few items described as "trash groceries" and then presented to the checker, Randy James, a $63.21 check and requested that it be cashed. The check in

question, payable to the appellant, was drawn on the First National Bank of Abilene and signed "M. S. Hester, Building & Repair Co."

Being unable to cash checks for persons with whom he was not acquainted, the checker called his immediate superior, Mr. James Thompson.

Thompson related that the appellant asked him to cash the check in question and he observed that the appellant in his endorsement on the check listed his address as "216 Cedar," which Thompson knew was "not a residential area" and which "should fall in or about where the library is or right in that vicinity where the library is, downtown."

Thereafter Thompson called the bank and then informed the appellant that there was no such account at the bank to which the appellant replied, "I know there is" and "I have worked for him for eight years."

The State's evidence further reveals that at this time appellant took the check in question, left the store and departed in an automobile which did not appear to have license plates. The police were called and the appellant was stopped and arrested eight blocks from the store in a car which had temporary Kentucky license plates (expired dealer's tags) displayed in the rear window. The appellant had no driver's license or other identification save a marriage license. With him at the time were his wife and three children.

After appellant had been placed in jail one of the police officers inquired of appellant's wife, who was not under arrest, if she had any knowledge about the check in question. Thereupon she handed to such officer a book of First National Bank of Abilene checks and upon emptying her purse upon the officer's desk, the check in question fell out.

A First National Bank of Abilene officer testified that the bank had no account

at the present time under the name of M. S. Hester or M. S. Hester, Building & Repair Co., and a search of the past records "up to January 1" revealed no such account and that he did not himself personally know of an M. S. Hester.

Sheriff Maxwell testified that he had lived in Taylor County for 40 years, knew many people, and did not know an M. S. Hester and after the search had been unable to locate or identify anyone by that name.

Appellant offered no evidence.

■■■ The most serious question presented is by appellant's ground of error #1. He contends the trial court erred in failing to charge the jury on the law of circumstantial evidence despite his timely presented special requested charge. It is his claim that there is no direct evidence that the appellant made the forged instrument in question or that he knew that it was a forgery when he attempted to pass it.

"Three elements are necessary to constitute the offense of passing or attempting to pass a forged instrument. These are (a) the passing or attempt to pass the instrument as true, (b) the fact that the instrument was a forgery, and (c) knowledge by the accused that the instrument was forged or constituted a forgery when he passed or attempted to pass it. Montgomery v. State, 157 [Tex.] Crim 44, 246 S.W.2d 209; Tarwater v. State, 160 [Tex.] Crim 59, 265 S.W.2d 83, 267 S.W.2d 410." 3 Branch's Anno.P.C., 2nd ed., Sec. 1611, p. 761.

"The main fact to be proved in a case of knowingly passing as true a forged instrument is the passing of a forged instrument with knowledge on the part of the utterer at that time that it was a forgery, and where proof of this depends wholly on circumstantial evidence a charge on that subject should be given. The fact that the passing was proved by direct evidence will not relieve the

court of the duty of charging on circumstantial evidence when the fact that the instrument was a forgery and defendant's knowledge that it was a forgery depends wholly on circumstantial evidence. Nichols v. State, 39 Tex.Cr.R. 80, 44 S.W. 1091; Lasister v. State, 49 Tex.Cr.R. 532, 94 S.W. 233. See for the correct rule the following: Mixon v. State, 129 Tex. Cr.R. 584, 90 S.W.2d 832; Harvey v. State; 132 Tex.Cr.R. 214, 104 S.W.2d 51; Roach v. State, 138 Tex.Cr.R. 382, 136 S.W.2d 614." 3 Branch's Anno.P.C., 2nd ed., Sec. 1612, p. 761. See also 25 Tex. Jur.2d, Forgery, Sec. 69, p. 590.

In Roach v. State, supra, this Court said:

"Appellant complains of the court's action in declining to instruct the jury on the law of circumstantial evidence, or to give his requested instruction on the subject. We are of the opinion that under the evidence he was entitled to such an instruction, because no witness testified to having seen appellant forge the check or heard him say that he forged the same. There was no direct testimony from any source that appellant had knowledge that the check was a forged one; nor is there any evidence that it was in his handwriting. The fact that the check was not made by the company whose act it purports to be is not shown by any direct evidence, but is to be inferred from the testimony of the sheriff and the injured party, who testified that they made some inquiry in Moore County, but could not find any company by that name. Consequently, the conclusion that appellant forged the check or knew it was forged is but an inference arising from the testimony.

"This court seems to have uniformly held that although there is direct proof of passing a forged instrument, it will not relieve the trial court from charging the jury on the law of circumstantial evidence when the case is one for passing a forged instrument, and especially is this

true when the evidence of forgery, as well as the knowledge thereof on the part of the accused, depends on circumstantial evidence. See Nichols v. State, 39 Tex.Cr.R. 80, 44 S.W. 1091; Verner v. State, 117 Tex.Cr.R. 112, 35 S.W.2d 428; Mixon v. State, 129 Tex.Cr.R. 584, 90 S.W.2d 832, and authorities."

The facts of the case at bar are not dissimilar to those of Roach. There is no direct evidence that appellant knew the instrument in question was a forgery when he attempted to pass it, such fact being deducible only from the circumstances. "The fact that circumstances may strongly point to a person accused of a crime does not relieve the court of the duty of charging the law of circumstantial evidence where the question of guilt is an inference or presumption deducible from circumstances in evidence." 31 Tex.Jur.2d, Instructions, Sec. 122, 681. The learned court should have responded to the special requested charge and instructed the jury on the law of circumstantial evidence. Boatright v. State, 160 Tex.Cr.R. 590, 273 S.W.2d 632.

The judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.

## OPINION ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

The State has asked that we distinguish the case at bar from our relatively recent case of Acuff v. State, Tex.Cr.App., 433 S.W.2d 902. This may be done simply. In Acuff, supra, there were no objections to the court's charge while in the case at bar appellant's first ground of error was leveled at the court's failure to grant his "timely presented requested charge."

Remaining convinced of the soundness of our original opinion, the State's motion for rehearing is overruled.

DOUGLAS, J., not participating.