John Albert DRAPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48891.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Donald W. Rogers, Jr. (Court-appointed on appeal), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for possession of heroin, a narcotic drug, on or about April 5, 1972. Having found that the appellant had before been convicted for the offense of possession of heroin on February 8, 1967, the jury assessed his punishment at 38 years.

It is the contention of appellant that the court erred in failing to charge the jury on the law of circumstantial evidence, as properly requested by him. We agree.

On April 5, 1972, Officer Pierpont was in swimming at a pool across the street from the apartment where he lived. He observed appellant and Caldwell park the car being driven by Caldwell near the apartment house, and saw appellant attempting to pry open the door of another apartment. He got the door open except for the chain that prevented the door from opening fully. Caldwell brought him a bar to use. Officer Knotts, also off duty, saw the same thing. Appellant and Caldwell then left, Caldwell driving. Pierpont got his pistol and his credentials, put on a shirt over his swimming trunks, and the two officers followed Draper and Caldwell. Caldwell got out of the car at a Seven-Eleven store at a phone booth, and Draper got behind the wheel and drove to a phone booth at a U-Totem store, then got back in the car and drove back to the Seven-Eleven store. When he stopped the car, he slid across the front seat, a bench seat, to the passenger's side, and Caldwell got in the car under the wheel, with the motor still running. At this time the two officers stopped their car, got out and with drawn pistols ordered Draper and Caldwell out of the car and to the back of it, where they searched them but failed to find any narcotics. On the front seat of the car they found two "papers" containing heroin, and a spoon in the floorboards. The heroin was about midway between Draper and Caldwell, near Caldwell's right leg when seated in the car. The officers did not see appellant with the heroin, nor did they see him make any furtive gestures. When appellant was back of the car, he sought permission from the officers to return to the car, as he said to cut off the motor, and he seemed to the officers to be nervous.

Appellant had on a long sleeved shirt. On the left sleeve was a blood spot, and on his left arm at that location were fresh needle marks. Both Draper and Caldwell had scars on their arms from old needle marks. The automobile Draper and Caldwell were in had been leased by a woman referred to as Caldwell's girlfriend, and Caldwell was designated in the lease agreement as a person authorized to drive the car. Appellant was not so designated. Neither appellant nor Caldwell testified.

The court charged on possession as follows:

"Possession is the actual care, control, custody, and management of the thing possessed. It is that condition of fact where the person can exercise his power over the property at his pleasure to the exclusion of all others. More than one person may have possession of a thing at the same time.

"A person may be in constructive possession of an article which is not physically present on his person providing that he is in juxtaposition of the article so that he could exert dominion over the article at his will; however, he must not only have knowledge of the existence of the article, but he must further have the intent to possess the article and assert dominion over it at his will.

"Before you can convict the defendant you must find from the evidence beyond a reasonable doubt that the defendant knew of the existence of the Heroin and had possession of same as the word possession is defined herein.

"Therefore, unless you believe from the evidence beyond a reasonable doubt that the defendant on or about the date alleged in the indictment in Harris County, Texas, did have in his possession Heroin, as that term has hereinbefore

been defined to you, you will acquit the defendant and say by your verdict 'not guilty.' "

In connection with the charge on principals, the court said:

"The mere presence of a party at or near the scene of the commission of an offense does not make him a principal. Mere knowledge that an offense is about to be committed will not make the party a principal; nor will his knowledge that an offense is being committed, or has been committed, nor will his failure to give alarm, his silence, or inaction make him a principal."

The heart of the charge on circumstantial evidence (See 1 Branch, p. 395, Sec. 373.1) is that the jury is therein told that the circumstances must exclude to a moral certainty every other reasonable hypothesis except the defendant's guilt. Here it may be reasonably argued that when Caldwell got out of the car at the Seven-Eleven phone booth he may have obtained the heroin, later got under the steering and then placed the heroin on the seat to his right, that if it had been there prior to this time it would have been pushed from the seat, or at least under appellant, when appellant slid across the seat, but in any event it would not have remained near the center of the seat. If this hypothesis were in fact true, appellant would not be guilty unless he had agreed to it or acted with Caldwell in so doing. There was no direct evidence of either.

There was no direct evidence that appellant possessed the heroin, either in person or by acting with Caldwell. This was the main fact to be proved. The guilt of appellant was a matter of inference from the circumstances in evidence.

In Farris v. State, 496 S.W.2d 55, the Court said:

" ' . . . If the main fact in a case is to be proved as a matter of inference from other facts in evidence, the case rests wholly in a legal sense on circum-

stantial evidence. The fact that circumstances may strongly point to a person accused of a crime does not relieve the court of the duty of charging the law of circumstantial evidence in a case where the question of guilt is an inference or presumption deducible from circumstances in evidence . . . ." 31 Tex. Jur.2d Instructions § 122, pp. 680–681.

"See also Haney v. State, 438 S.W.2d 580 (Tex.Cr.App.1969), and cases there cited; Blankenship v. State, 481 S.W.2d 147 (Tex.Cr.App.1972).

"In Crawford v. State, 128 Tex.Cr.R. 553, 82 S.W.2d 957 (1935), this court held that even though the State's evidence led to the 'almost irresistible conclusion' that the defendant was guilty of the burglary charged, and 'however strong the circumstances may be,' if the case is based on 'inference and reasoning therefrom,' the court must charge on circumstantial evidence."

To the same effect, see also Selman v. State, 505 S.W.2d 255; Denny v. State, 473 S.W.2d 503; McBride v. State, 486 S.W.2d 318. Cf. Roberts v. State, 489 S.W.2d 893.

This being a case depending upon circumstantial evidence to establish appellant's guilt, a charge should have been given on this subject.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

I cannot agree to the reversal of this conviction for the reason assigned by the majority. Our recent opinion in Roberts v. State, 489 S.W.2d 893, is authority for a holding that a charge on circumstantial evidence is not required under the facts of this case and should clearly control the disposition of this appeal.

I respectfully dissent.

DOUGLAS, J., joins in this dissent.