ACCEPTED
01-14-00700-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/12/2015 12:17:42 AM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-14-00700CR

IN THE COURT OF APPEALS FOR

THE FIRST JUDICIAL DISTRICT OF TEXAS

HOUSTON

THERRELL DEWAYNE FELDER, SR.,

Appellant

Vs.

THE STATE OF TEXAS,

Appellee

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/12/2015 12:17:42 AM

CHRISTOPHER A. PRINE
Clerk

APPEALING THE TRIAL COURT'S JUDGMENT

ON VERDICT OF GUILY IN

CAUSE NO. 14CR0283

IN THE 122nd DISTRICT COURT

OF GALVESTON COUNTY, TEXAS

HONORABLE JOHN ELISOR, PRESIDING

APPELLANT'S BRIEF

ZACHARY MALONEY
SBN 24030761
MALONEY & PARKS, L.L.P.
2925 GULF FREEWAY S. STE. B #295
LEAGUE CITY, TEXAS 77573
(713) 228-2277 Ofc.
(866) 838-5656 Fax.
ZACHMALONEY@GMAIL.COM

ORAL ARGUMENT IS REQUESTED        ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

Matthew Michael Shawhan
SBOT NO. 24061342
Joseph Chicherio "Joe" Frank
SBOT NO. 24058444
Galveston County District Attorney's Office
600 59th Street, Suite 3305
Galveston, Texas 77511
(409) 766-2355 phone
(409) 766-2290 fax
ATTORNEYS FOR THE STATE OF TEXAS

Michael Anthony Abner, Jr.
Attorney at Law
SBOT NO. 24061347
16324 Brookforest Drive
Houston, Texas 77059
(281) 221-1026
ATTORNEY FOR THE DEFENDANT AT TRIAL

Attorney for Appellant on Appeal
ZACHARY MALONEY
SBN 24030761
MALONEY & PARKS, L.L.P.
2925 GULF FREEWAY S. STE. B #295
LEAGUE CITY, TEXAS 77573
(713) 228-2277 Ofc.
(866) 838-5656 Fax.
ZACHMALONEY@GMAIL.COM

# TABLE OF CONTENTS

Identity of Parties and Counsel         i

Index of Authorities            iii

Statement of the Case           v

Statement of Facts            v

Summary of the Arguments         1

Arguments and Authorities         2

Prayer                8

Certificate of Service           9

# INDEX OF AUTHORITIES

## Cases

*Albrecht v. State,* 486 S.W.2d 97, 99 (Tex.Cr.App.1972).

*Bates v. State,* 643 S.W.2d 939, 944 (Tex.Cr.App.1982);

*Boutwell v. State,* 719 S.W.2d 164 (Tex.Cr.App.1985)

*Elkins v. State,* 647 S.W.2d 663, 665 (Tex.Cr.App.1983)

*Harris v. State,* 169 Tex.Cr.R. 143, 333 S.W.2d 142, 144 (1960)

*Hernandez v. State,* 484 S.W.2d 754, 755 (Tex.Cr.App.1972)

*Murphy v. State,* 587 S.W.2d 718, 722 (Tex.Cr.App.1979)

Parks v. State, 746 SW2d 738, (Tex. Crt Crim. App. 1987).

*Plante v. State,* 692 S.W.2d 487, 491 (Tex.Cr.App.1985)

*Robledo v. State,* 480 S.W.2d 401, 402 (Tex.Cr.App.1972)

*Rubio v. State,* 607 S.W.2d 498, 499 (Tex.Cr.App.1980)

Velu v. State, 2009 WL 471344 (Waco. Pet. Denied 2009)

*Verner v. State,* 117 Tex.Cr.R. 112, 35 S.W.2d 428, 429 (1931).

*Williams v. State,* 662 S.W.2d 344, 346 (Tex.Cr.App.1984).

## Statutes and Rules

Tex.Cr.R. 143, 333 S.W.2d 142, 144 (1960)


CITATIONS TO THE RECORD

Reporter's Record: volume, page no.

   (Rr #p #)

Clerk's Record: volume, page no.

(Cr # p #)

## STATEMENT OF THE CASE

The transcript begins with Felder (Appellant) asking for a severance of two cases. Rr 2 p 4. Cause numbers 14CR0282 and 14CR0283 where both for the offense of forgery. Severance was granted and trial began in cause number 14CR0283. On July 1st, 2014, the Jury found Appellant "Guilty" and both of his habitual enhancements "true". The indictment charged Appellant for passing a counterfeit $100 bill on December 26th, 2014. CR. 1 p 52. The Appellant went to the court for punishment and was awarded 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. July 18th, 2014. Motion for new trial was heard and denied on September 26th, 2014. Cr 1 p 75. Appellant presents his direct appeal.

## STATEMENT OF FACTS

On December 26, 2013, Appellant allegedly passed a counterfeit $100 bill to Crystal Morris the clerk at Food King, in Texas City, Galveston County. The clerk, noticing the fake bill called her Manager, Anthony Melchor. Manger Melchor, meet with Morris and the Appellant. The Appellant asked for the bill back and left when denied its' return. Appellant was later identified through in-store video and photo line-ups. Appellant was later arrested on an arrest warrant.

During trial, for the December offense, the State argued that since identity and intent where issues the State was allowed to enter the indicted October offense as proof of identity and intent. Rr 4 p 6&7. However, there was no evidence. (short of Defense counsel stating it could have been the Appellant), offered at the time of this introduction in the record, that Appellant was identified as committing the October offense; nor, any evidence to support intent of the October offense.

The State's liberal interpretation of the case law to sway the court is concerning. Rr 4. p 7&8. Defense counsel objected. To no avail the trial court allowed testimony of the October offense. Trial resumed with the Jury hearing testimony for a forgery offense allegedly committed by the Appellant on October 10, 2013 for a passing a counterfeit $20 dollar bill to a different clerk at the same Food King.

There are similarities in both cases. However, in the October offense, the clerk did not realize the bill was counterfeit until after the Appellant left and the bill had been deposited in the register. The October offense also dealt with the same issues of identity and intent. The Jury decided to believe the State's offer of proof and found the Appellant "Guilty".

## SUMMARY OF THE ARGUMENTS

<u>Point of Error One (1)</u>:  ***The trial court erred allowing evidence of an indicted extraneous offense, (hereinafter the "October offense") where the prejudicial effect outweighed the probative value.***

## APPELLANT'S POINT OF ERROR

## ARGUMENT I

Point of Error One (1):  ***The trial court erred allowing evidence of an indicted extraneous offense, (hereinafter the "October offense") where the prejudicial effect outweighed the probative value.***

The State and Appellant rely heavily on Parks v. State, 746 SW2d 738, (Tex. Crt Crim. App. 1987).  In Parks, that Appellant was convicted for forgery involving the filing of forged real property documents. Id at 739. During the course of the Parks trial other similarly illegal transactions were introduced into evidence. Id. at 740.

Appellant, to paraphrase Parks' argument, contends that there is other evidence sufficient to show the Appellant's intent to defraud. Intent is at issue in the instant case, evidence of the October extraneous offense remains extremely prejudicial and has no probative value. Appellant argues the trial court failed, in determining the admissibility of this evidence, in applying the *Williams* balancing test as explained Parks and in  *Albrecht v. State,* 486 S.W.2d 97, 99

(Tex.Cr.App.1972). See also, *Hernandez v. State,* 484 S.W.2d 754, 755 (Tex.Cr.App.1972).

"This test requires that a determination be made as to whether the prejudicial effects of admitting this evidence are outweighed by the probative value this evidence may have in aiding the trier of fact in reaching a verdict. *Albrecht v. State,* supra. See also *Boutwell v. State,* 719 S.W.2d 164 (Tex.Cr.App.1985); *Williams v. State,* 662 S.W.2d 344, 346 (Tex.Cr.App.1984). This "test" is really nothing more than a statement of a fundamental principle of evidence. The "test" has been further developed in the *Williams* case. For the sake of convenience it will be referred to in this opinion as the "*Williams*" test." Parks at 739 &740.

In the instant case (the December offense), the State introduced direct evidence in the testimony of the Clerk, the Manager, the photo line up, the video of the Appellant, and testimony as to the flaws in the counterfeit bill. Evidence, suffice enough to not warrant the "booting strapping" of the October offense.

"[A]n accused person may not be tried for collateral criminal offenses or for being a criminal generally. *Williams v. State,* supra; *Albrecht v. State,* supra; *Rubio v. State,* 607 S.W.2d 498, 499 (Tex.Cr.App.1980). Evidence of extraneous offenses is of an inherently prejudicial nature and may tend to confuse the issues of the case. *Albrecht v. State,* supra. Such evidence carries with it the additional

3

danger that an accused person may be called upon to defend himself against an implied charge of having a propensity to commit crimes rather than the specific offense for which he is on trial. *Williams v. State,* supra; *Elkins v. State,* 647 S.W.2d 663, 665 (Tex.Cr.App.1983); *Bates v. State,* 643 S.W.2d 939, 944 (Tex.Cr.App.1982); *Albrecht v. State,* supra. "Parks at 740.

There are exceptions to the rule, In *Albrecht,* "Evidence of extraneous offenses committed by the accused has been held admissible:

(1) To show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence.

(2) To circumstantially prove identity where the state lacks direct evidence on this issue.

(3) To prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself.

(4) To prove malice or state of mind, when malice is an essential element of the state's case and cannot be inferred from the criminal act.

(5) To show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense

4

or is a part of a continuing plan or scheme of which the crime on trial is also a part.

(6) To refute a defense theory raised by the accused." (footnotes omitted). 486 S.W.2d at 100–101.

Parks states that such evidence is clearly admissible when the prosecution can show both that the offense or transaction is relevant to a material issue in the case, and the probative value of the evidence to the trier of fact is not outweighed by its prejudicial or inflammatory nature. *Boutwell v. State,* supra; *Plante v. State,* 692 S.W.2d 487, 491 (Tex.Cr.App.1985); *Williams v. State,* supra, at 346; *Elkins v. State,* supra, at 665; *Murphy v. State,* 587 S.W.2d 718, 722 (Tex.Cr.App.1979). *Rubio v. State,* supra, (concurring opinion). That is not what occurred in the instant case. Evidence of identity and intent for the October offense was not sufficient to warrant inclusion into the December trial case. It fails to meet the *Williams* test.

The *Williams* test has two prongs, first if the evidence of extraneous offenses is relevant to a material issue in dispute in the case, and second, if the probative value of such evidence outweighs its prejudicial effect.

In the instant case the State relies on the misinterpretation of Parks where, "cases of forgery and fraud, it is difficult to prove intent. *Robledo v. State,* 480 S.W.2d 401, 402 (Tex.Cr.App.1972); *Harris v. State,* 169 Tex.Cr.R. 143, 333 S.W.2d 142, 144 (1960); *Verner v. State,* 117 Tex.Cr.R. 112, 35 S.W.2d 428, 429

5

(1931). [Court of Criminal Appeals has] held that intent or guilty knowledge cannot be inferred from the mere passing of a forged instrument. *Albrecht v. State.* Indeed, to hold otherwise would create the danger that the unknowing and accidental passing of a forged instrument could effectively become a strict liability offense. The issue of intent is of such overriding importance in a case of forgery that it effectively becomes the focus of the State's case. Establishing intent in such cases is so crucial and so difficult to do that, as a practical matter, evidence of extraneous offenses is nearly always admissible. *Robledo v. State,* supra; *Harris v. State,* supra; *Vernon v. State,* supra. While it is hypothetically possible that a case of forgery could be established by direct evidence, such as eyewitness testimony, most cases of forgery rest on circumstantial evidence. In the vast majority of such cases, the probative value of evidence of extraneous offenses will inevitably outweigh its prejudicial effect."  Parks, 741.

As stated before, in the instant case the State had a wealth of evidence to present to the jury to show identity, intent and guilt without the use of the October offense.

In applying the first prong of the *Williams* test, the extraneous offense alleged was not relevant to a material element of the State's case. True the alleged

6

transactions involved were nearly identical. However, the October offense had the issues of identity as well as the fact that the counterfeit bill was not discovered until after the Appellant had left and the bill was examined later. In the instant case the State could rely upon the conversations of the witnesses and the defendant and the testimony as to the authenticity of the counterfeit bill. Given, that the jury had other evidence to consider the October extraneous offense was not to a material element of the State's case.

The second prong of *Williams* test is the balance between the probative and the prejudicial aspects of the evidence in question. In assessing this balance between the probative values of the evidence versus its prejudicial effect, it is necessary to view the nature of the State's case. The State's case consisted of evidence that appellant had passed the counterfeit $100.00 dollar bill, opinion testimony as to the flaws in the bill, the photo line up, the testimony of two eyewitnesses as to the Appellant's demeanor, actions and conversations with the Appellant. The addition of the October offense was purely to inflame the jury and sway the jury and not for probative value.

The second prong of the *Williams* test, as established in *Albrecht,* is not satisfied. The evidence was improperly admitted.

The State's use of the unpublished opinion, Velu v. State, 2009 WL 471344 (Waco. Pet. Denied 2009) is factually disguisable and wrong to use in the instant

case. Velu confessed that he had passed forged checks; Velu gave conflicting statements implicating his guilt. Identity and intent was not at issue an either Velu's trial case nor the extraneous offenses. In the Instant case Appellant gave neither statement nor was his identity known till after the completion of the offense. The State's use of Velu to redefine Parks is flawed and the prejudicial harm caused to the Appellant outweighs the probative value of the October offense.

## CONCLUSION

The State relies upon the allegation that Appellant was the culprit in both cases. In both cases identity and intent are at issue. In the caselaw relied upon by the State, identity was not an issue, nor was the actions of those defendants. In the instant case, the state glazes over the fact that the discovery of the counterfeit $20.00 dollar bill was not discovered till after the appellant left and the bill removed from the till. There was ample evidence in the instant case for the State to use without the October offense. Under the *Williams* test, as summarized in *Parks,* the October offense as evidence in guilt innocence was improperly admitted.

8

## PRAYER

WHEREFORE, should the Honorable Court of Appeals find error in the record on appeal, Appellant prays the Court reverse and remand this cause for new trial, remand for new trial on punishment or, in the alternative, reverse and render with instruction to enter a judgment of acquittal.

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to TRAP 9.4(i) that the preceding document contains 2,492 words as determined by the word count of the computer program used to prepare this document.

/s/ Zachary S. Maloney
Zachary S. Maloney

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Appellant's Original Brief has been sent to the Galveston County, District Attorney's Office, Appeal Division, on this the 20th day of June, 2015.

/S/ Zachary S. Maloney
ZACHARY MALONEY