James Charles SIMMONS, Jr. and Milton
James Anthony, Appellant,

v.

The STATE of Texas, Appellee.

No. 63037.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 30, 1980.

Rehearing Denied March 19, 1980.

Robert G. Dohoney, Hillsboro, for Simmons.

Stephen N. Smith, Hillsboro, for Anthony.

Neal T. "Buddy" Jones, Jr., Dist. Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from convictions for capital murder. Appellants were charged as co-parties to the offense and were tried together. Appellant Simmons' punishment was assessed at death after the jury returned affirmative answers to the punishment issues submitted under Article 37.071, V.A.C.C.P. The jury returned a negative answer on one of the punishment issues for appellant Anthony, and his punishment was therefore assessed at life.

Three different grounds of error have been raised in each of the briefs filed by the appointed attorneys for appellants, and additional grounds of error have been raised by pro se briefs. We will first consider the grounds of error raised in the brief filed in behalf of appellant Simmons, then those in the brief filed by Anthony's attorney, and finally the grounds raised in the pro se brief.

Simmons' first two grounds of error concern the admission of testimony at the punishment stage of the trial, describing his demeanor and attitude while in jail awaiting trial as being carefree and unremorseful. Simmons contends this testimony was inadmissible because his conduct while in jail "was tantamount to, or in the nature of, a statement or confession," not admissible under Art. 38.22, V.A.C.C.P. In support of this position he cites *Garner v. State*, Tex.Cr.App., 464 S.W.2d 111, in which it was stated:

". . . in construing our confession statute this Court has excluded any act tantamount to or in the nature of a confession and to any unwarned statement even though it lacks the essential elements of a confession."

In the early case of *Nolen v. State*, 14 Tex.App. 474, the Court recognized the rule that an act may be tantamount to a confession, and there stated:

"Mr. Wharton says that 'confessions may be by *acts* as well as *words*' (Whart. Cr.Ev., Sec. 683); and even silence, under certain circumstances, is taken as a confession. (Id., sec. 679.) Suppose a prisoner charged with murder is asked the question 'Are you guilty of murder?' and instead of saying 'I am' he makes an affirmative movement of his head. Would this movement of the head be admissible evidence, while his confession by words would be inadmissible? . . We are unable to perceive the reason of the rule which admits the *acts* while it excludes the *words*. *Acts*, it is said, speak louder than *words*, and this being generally true, they should be regarded as confessions, as much so as words, and the law does so regard them. *Acts* are but a kind of language, expressing the emotions and thoughts of the person performing them, more forcibly and convincingly sometimes than words, but still, like words, only a medium through which the inward feelings, thoughts or intents of the person are outwardly indicated."

Later, in *Lasiter v. State*, 49 Tex.Cr.R. 532, 94 S.W. 233, the Court held:

"It has been well settled in this state, at least since *Nolen's Case*, 14 Tex.App. 474, 46 Am.Rep. 247, that the acts of a party under arrest, without being warned, when they tend to incriminate are interdicted by the statute [now Art. 38.22, supra] which prohibits the use of confessions."

While it cannot be denied that Art. 38.22, supra, applies to acts tantamount to a confession, it does not follow that every act while in custody is for that reason subject to the admissibility requirements of that statute. The simple fact is that Simmons' behavior while in custody that was the basis for the testimony objected to here simply

was not tantamount to a confession. Quite to the contrary, the significance of that behavior for the jury's deliberations on punishment was totally dependent upon the premise, proven at the then completed first stage of the trial, that he was guilty of the offense. It could as well be argued that Simmons' demeanor while in custody during the trial, as observed by the jurors, would be subject to the same objection, since the jurors could also consider those observations in deciding whether or not he was remorseful or carefree. We hold the testimony presented here was not subject to the objection urged, and overrule the first two grounds of error presented by appellant Simmons.

■ In the remaining ground of error raised by Simmons' attorney, it is contended that the opinion of a former county attorney concerning Simmons' future dangerousness should have been excluded. This same issue was raised in a ground of error in the recent case of *Esquivel v. State,* 595 S.W.2d 516 (1980) and was overruled. For the reasons well stated in that opinion we likewise overrule the ground of error here.

We turn now to the grounds of error raised by counsel in appellant Anthony's case.

■■ In the first ground of error it is asserted reversible error was committed when the trial court refused his requested charge number three. The charge requested was on the issue of whether the killing was on an independent impulse by Simmons, and not in furtherance of the conspiracy between the two to commit robbery upon the deceased. The viability of this doctrine under the present Penal Code was recognized in *Skidmore v. State,* Tex.Cr. App., 530 S.W.2d 316, 318, and *Binyon v. State,* Tex.Cr.App., 545 S.W.2d 448, 451, n. 2. The Practice Commentary to the Penal Code, discussing Sec. 7.02(b) thereof (under which appellant Anthony's criminal responsibility for this murder was charged), observes:

". . . membership in a conspiracy has been invoked as the theoretical basis

of criminal responsibility for the conduct of another, even if the other's offense was not the object of the conspiracy. . .

"Subsection (b) appears to add a new requirement—that the uncontemplated offense be committed in furtherance of the conspiracy's object felony—which should contract somewhat the scope of vicarious responsibility. . . . To hold a conspirator as a party for an offense he didn't perpetrate, therefore, the state must prove not only that he ought to have foreseen commission of the offense . . . , but also that it was committed to achieve the conspiracy's objective."

The independent impulse defense, as applicable to Sec. 7.02(b) prosecutions, rests on creation of a reasonable doubt that the offense charged was not committed "in furtherance of the unlawful purpose" [Sec. 7.02(b), supra] of the conspiracy. Where some evidence is presented that might support such a reasonable doubt on the issue, a jury charge on the defensive matter should be given. In this case we need not decide whether the issue was raised, however, because the charge actually given was adequate to protect appellant Anthony's rights.

In submission of appellant Simmons' case to the jury, the court included a charge on both capital murder and the lesser included offense of murder. The charge on murder, in applying the law to the facts, turned essentially on the issue of whether the murder was committed in furtherance of the robbery:

"If you find from the evidence beyond a reasonable doubt that on or about the 4th day of January, 1979, in Hill County, Texas, the defendant, James Charles Simmons, Jr. did intentionally or knowingly cause the death of another person, Truett S. Ledford, by striking him with a glass instrument and stabbing and cutting him with a knife, but you have a reasonable doubt as to whether the defendant was then and there engaged in the commission of robbery or attempted robbery of Truett S. Ledford at the time of said

striking him with a glass instrument and stabbing and cutting him with a knife, if any, then you will find the defendant guilty of murder."

Although this instruction is in terms of whether the killing was done while Simmons was "then and there engaged in the commission of the robbery or attempted robbery" instead of in terms of whether it was "in furtherance of" the robbery or attempted robbery, any difference in the scope of the former as contrasted with the latter would be in the direction of affording a greater scope of culpability to the lesser offense (murder) and a narrower scope for the greater (capital murder). This part of the charge in Simmons' case inured to Anthony's benefit by the following part of the charge:

"You are further instructed that if you find from the evidence the defendant, James Charles Simmons, Jr., is not guilty of capital murder, you will find the defendant, Milton James Anthony, not guilty of capital murder."

The effect of the two paragraphs of the charge quoted above, when taken together, was at least as beneficial to Anthony as his requested charge on independent impulse. His first ground of error is overruled.

■ Anthony next asserts the trial court erroneously overruled a challenge for cause raised against venireman Sullins. He argues that the record shows Sullins was biased against the minimum punishment for murder (five years), and therefore subject to challenge for cause under Art. 35.-16(c)(2), V.A.C.C.P. Although at one point in the voir dire examination Sullins stated he could not consider five years and was biased against that punishment for murder, he later recanted. When the trial judge explained to him that the questions being asked were not to apply to the particular case for which a jury was being selected, but were to apply to whether there was any case that might be brought up in which he could assess five years, he said that he could consider and assess that minimum punishment for murder. He also stated that he had a bias against five years, but that he

could set it aside, and that he could consider probation. A similar situation was presented in *Von Byrd v. State*, Tex.Cr.App., 569 S.W.2d 883, 891. Here, as there, the trial court did not err by overruling the challenge for cause. The ground of error is overruled.

■ In the remaining ground of error raised by counsel, appellant Anthony contends the evidence is insufficient to support his conviction as a party to the murder under V.T.C.A., Penal Code Sec. 7.02(b), the theory under which he was convicted. The elements of capital murder as a party under Sec. 7.02(b), as stated in *Ruiz v. State*, Tex. Cr.App., 579 S.W.2d 206, 209, are:

"... (1) the appellant conspired with others to commit an aggravated robbery and (2) one of the co-conspirators (3) intentionally or knowingly (4) caused the death of an individual (5) in the course of committing or attempting to commit the aggravated robbery (6) in furtherance of the unlawful purpose of the conspiracy and (7) which should have been anticipated as a result of carrying out the conspiracy."

Specifically, Anthony challenges the sufficiency of the evidence to show he should have anticipated Ledford's death as a result of Simmons' carrying out the conspiracy to rob Ledford. He points out that both Simmons and Anthony testified he did not know Simmons had a knife when he left to commit the robbery, that there is no evidence that either had a history of committing violent acts, and that Anthony had never seen Simmons with a knife.

The State, in response, points to testimony of Thomas Hawthorne relating a conversation he had with Simmons and Anthony a few days before the offense. At that time Simmons and Anthony said they were going to rob Ledford. Anthony said he was going to beat him, and Simmons pulled out a knife and said he was going to stab him. Anthony then said he was going to put Ledford in the graveyard. We hold the evidence is sufficient to show murder should have been anticipated as a result of

carrying out the robbery conspiracy. The ground of error is overruled.

We now turn to the grounds of error raised in the pro se brief.

 In the first six grounds of error the appellants challenge the admissibility of their confessions and of the fruits of their arrests and searches of their houses. Any error in the admission of these items of evidence was waived when each appellant testified at the guilt stage of the trial and admitted his respective role in the planning and execution of the robbery and accompanying murder. Furthermore, without detailing the facts surrounding the arrests, confessions, and searches, it appears from a careful examination of the record of the suppression hearing that each appellant voluntarily went to the investigators when they were informed by third parties that they were being sought, that their confessions were given voluntarily after appropriate warnings of their constitutional rights, and that the searches were conducted pursuant to voluntary consent. The first six grounds of error raised pro se are overruled.

 It is next contended that the trial court erroneously allowed appellants' attorneys to call them to testify without admonishing them of the privilege against self-incrimination. The record does not show whether appellants' attorneys advised them in this regard, and it is not required that a record on appeal reflect such an admonishment. The burden is on the attacking party to demonstrate ineffective assistance of counsel, and this Court will not attempt to ascertain the specific reason why counsel conducted the defense in the chosen manner. See *Ewing v. State*, Tex. Cr.App., 549 S.W.2d 392, 395, and *Ex parte Ewing*, Tex.Cr.App., 570 S.W.2d 941. The record in this case indicates abundant preparation by counsel including securing appointment of a psychiatrist to testify for the defense, liberal discovery of the State's case, suppression by agreement of a prior offense by Anthony, and hearings on a motion for continuance (on the merits over the State's objection that the motion was untimely) and on the voluntariness of the con-

fessions. The record does not even suggest ineffective assistance of counsel.

 The remaining three grounds of error contest the admissibility of the testimony of Hawthorne as hearsay, of the autopsy report as inflammatory, and of the punishment stage testimony of Dr. Grigson. No objection was voiced to any of this evidence. Furthermore, Hawthorne's testimony was not hearsay; it related the conversation between appellants in which they discussed, a few days before this crime, robbing, beating, and stabbing their chosen victim. The autopsy report was not inflammatory and was duplicated in great part by the testimony of the performing physician, who detailed the multiple stab wounds and other injuries inflicted on the deceased. Finally, Dr. Grigson's testimony not only was not objected to, but was also no surprise, in that the State, pursuant to the discovery ordered, informed the defense over three weeks before Dr. Grigson testified that the gist of his testimony at the punishment stage would be that both Simmons and Anthony would constitute a continuing threat to society and commit future acts of violence. These three grounds of error are likewise overruled.

We have carefully examined the record for any other issues that should be discussed, and we have found none.

There being no reversible error, the judgments are affirmed.

ROBERTS and PHILLIPS, JJ., concur in the results.