James Charles **SIMMONS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 63037.

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1981.

Robert G. Dohoney, Hillsboro, on appeal only, for appellant.

Neal T. Jones, Jr., Dist. Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for capital murder. After finding appellant guilty, the jury answered "yes" to the three special issues submitted under Art. 37.071, V.A.C.C.P. Punishment was assessed at death.

On original submission, appellant's conviction was affirmed by this Court. *Sim-*

mons v. State, 594 S.W.2d 760 (Tex.Cr. App.). In that appeal, in his tenth pro se ground of error, appellant maintained the court erred in allowing Dr. James Grigson to testify during the punishment phase of the trial. Appellant contended that Grigson's testimony was admitted in violation of his right against self-incrimination. The ground of error was overruled by this Court after it was noted that there had been no objection to Grigson's testimony.[1] Id. at 765.

On June 29, 1981, the Supreme Court of the United States vacated the judgment of this Court and remanded the cause for further consideration in light of *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). *Simmons v. Texas,* —— U.S. ——, 101 S.Ct. 3134, 69 L.Ed.2d 988 (1981). The record reflects that on August 17, 1981, the Honorable William P. Clements, Jr., Governor of the State of Texas, signed a proclamation commuting appellant's punishment to life.

This Court has held that when a defendant receives a life sentence following a conviction for capital murder, any alleged errors which occurred during the punishment phase are harmless. See *Sanne v. State,* 609 S.W.2d 762 (Tex.Cr.App.); *Phelps v. State,* 594 S.W.2d 434 (Tex.Cr.App.); *Marini v. State,* 593 S.W.2d 709 (Tex.Cr.App.). The alleged error presented by appellant in his tenth pro se ground of error concerns testimony admitted during the punishment phase.

In *Adams v. State,* 624 S.W.2d 568 (Tex. Cr.App.1981), it was held that following a Governor's order commuting punishment from death to a life sentence, this Court is left with no death penalty upon which to exercise its power. The ground of error concerning the admission of Grigson's testimony during the punishment phase need not be considered. In view of appellant's life sentence following the Governor's commutation, the error, if any, is harmless. The imposition of the death penalty is no

---

1. In *Estelle v. Smith,* infra, n.12, it was stated that the failure to voice a timely and specific objection did not waive Smith's complaint concerning the admissibility of Grigson's testimony.

longer possible by virtue of the commutation. In *Whan v. State,* 485 S.W.2d 275 (Tex.Cr.App.), it was stated that under such circumstances, "the proper course to follow is to again affirm the judgment of the trial court." Id. at 277.

The judgment is affirmed.

ONION, P. J., and CLINTON, J., dissent.

TEAGUE, J., not participating.