Javier Juventino ROSAS, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–169–CR.

Court of Appeals of Texas,
Corpus Christi.

May 27, 1982.

Kyle B. Welch, McAllen, for appellant.

Robert Salinas, Dist. Atty., Edinburg, for appellee.

Before BISSETT, YOUNG and GONZA-LEZ, JJ.

## OPINION

YOUNG, Justice.

Javier Juventino Rosas brings this appeal from his conviction by a jury of aggravated assault. The trial judge assessed his punishment at six years imprisonment. His sole ground of error is that his court appointed trial attorney, Robert R. Haley, failed to render effective assistance in his defense. We affirm.

On September 6, 1980, the appellant was arrested for shooting at Joel Lopez the previous day. Both Mr. Lopez and two other men witnessed the incident.

On September 16, 1980, the court appointed Mr. Robert Haley to undertake the defense of Mr. Rosas. The grand jury indicted the appellant on December 2, 1980, and on December 18, 1980, Mr. Haley waived arraignment on Mr. Rosas' behalf. On the 29th of December, Mr. Haley filed the following pre-trial motions: Motion in Limine; Motion for Production and Inspection of Evidence and Information which may lead to Evidence; Motion to Compel Disclosure of all Evidence Favorable to Defendant; Motion for Production of Witness Statements; Motion for Production of Witness Statements after Direct Examination (Gaskin Motion); Motion for Discovery of the Arrest and Conviction Reports of Witnesses; and Motion for Discovery of Witness List. On December 29, 1980, the court rescheduled the pre-trial hearing for January 5, 1981, the original trial date. Mr. Haley brought a Motion for Speedy Trial on December 31, 1980.

On January 5, 1981, the appellant revealed that he intended to plead guilty. The plea bargaining negotiations fell through so the trial was re-set for the next available court date and was held on that date: January 23, 1981.

The trial court ruled on only two of the appellant's pre-trial motions: the Motion for Production of Arrest and Conviction Reports of the Witnesses and the Motion for Speedy Trial. The judge considered the speedy trial matter at the midpoint of the trial and treated the motion as a motion to dismiss for failure to bring the defendant to trial within the statutory time period. In that regard, the court heard testimony that the State had announced ready on the 29th day of December and that the State had performed substantial preparation and was actually ready before the expiration of the 120-day time limit. Whereupon, the court overruled the motion and Mr. Haley excepted to the ruling. Although at least one witness had an arrest record, the trial judge also denied the Motion for Production of Arrest and Conviction Reports of the Witnesses after the district attorney stated that he had no such reports in his file.

The record shows that the prosecution voluntarily provided witness statements after direct examination and complied with the request in the Motion in Limine to refrain from mentioning the accused's criminal background. Whether the State voluntarily produced any of the other materials requested by the defense or if those materials were in the possession of the State, or even existed at all, is not revealed by the appellate record.

Mr. Haley no longer represents the appellant. Mr. Rosas maintains that his trial lawyer did not conduct the case in a reasonably effective manner because he failed to preserve error. The three instances of this failure which he cites all concern the pretrial motions.

In our resolution of this case we will be guided generally by the following rules. The constitutional right to counsel does not require errorless counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Cr. App.1980). Appointed (as here) as well as retained counsel must render "reasonably effective" assistance to their clients to meet the constitutional requirement. *Ex Parte Duffy*, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980). We do not review a claim of ineffective assistance by hindsighted comparison with how other counsel would have tried the case; *Boles v. State*, 598 S.W.2d 274, 279 (Tex.Cr.App.1980), nor will we sustain such a claim upon finding isolated failures to object to procedural mistakes. *Ewing v. State*, 549 S.W.2d 392, 395 (Tex.Cr.App. 1977). Our review of the adequacy of representation is based upon the totality of the representation. *Boles v. State*, supra, at 279. The burden of demonstrating ineffectiveness rests with the attacking party, *Simmons v. State*, 594 S.W.2d 760, 765 (Tex. Cr.App.1980), and is satisfied only by an affirmative demonstration in the record of counsel's ineffectiveness. *Ewing v. State*, supra, at 395.

In the first example of ineffective assistance urged, the appellant argues that Mr. Haley should have filed a bill of exception on the speedy trial ruling. It is clear that the appellant was entitled to a dismissal of the indictment if the State was not ready for trial within 120 days of his arrest, but his failure to move for dismissal constitutes a waiver of his speedy trial rights. Tex.Code Crim.Proc.Ann. Article 32A.02 (Vernon Supp.1982). The record shows that the trial was held beyond the 120-day limit. It also shows, however, that any delay in holding the trial after the 120th day resulted from the appellant's decision to plead guilty and the congestion of the court's docket. Thus, the State was not at fault in producing the delay, and only delay attributable to the State is counted for purposes of the statute. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). The evidence shows that the State announced ready and was in fact ready before the expiration of the 120-day time limit. No controverting evidence appears in the record. Therefore, the defendant has not demonstrated that failure of his trial attorney to perfect error on the ground of speedy trial was ineffective assistance of counsel.

The second instance of conduct by his trial attorney which appellant claims fell short of the standard was a failure to preserve error when criminal records of witnesses were denied to him. The Texas Code of Criminal Procedure authorizes limited discovery by a defendant who has shown good cause to acquire material evidence which is in possession or control of the State or its agencies. Tex.Code Crim. Proc.Ann. Article 39.14 (Vernon Supp.1982). Therefore, as appellant correctly observes, refusal of a request for records is not error absent a showing that the State or its agencies possessed them. *Turpin v. State*, 606 S.W.2d 907, 915 (Tex.Cr.App.1980); *Rodriguez v. State*, 513 S.W.2d 22 (Tex.Cr.App. 1974). He argues that his trial counsel should have made a record showing that such material was in possession of the State, thereby preserving error. To succeed in his claim that Mr. Haley's omission constituted error, he must show that the State did possess requested criminal records. The only evidence in the record is that the prosecutor did not possess any of the requested records. While it is possible that some other agency of the State did have control of such records, the appellant has not shown this to be the case. Since he has not demonstrated that the State did have control of such records, he has not proved that his trial counsel was ineffective by failing to present it. See *Hunnicutt v. State*, 531 S.W.2d 618, 625 (Tex.Cr.App. 1976). It is true that Mr. Haley could have cross-examined the prosecution witnesses on this matter and failed to do so. He did

attempt, however, to impeach their credibility through other means, and, therefore, we do not find this isolated omission rose to the magnitude of ineffective assistance.

■ As a third example of purported neglect by his trial attorney, appellant points to his failure to obtain rulings on the remaining pre-trial motions. The first was the motion in limine to prevent the prosecutor from mentioning the defendant's past misconduct or criminal background. Since the record reveals no such references by the district attorney, the failure of the trial court to grant the motion did no harm to the appellant. The appellant was clearly not entitled to witness statements requested in another pre-trial motion, see Tex.Code Crim.Proc.Ann. Article 39.14, and cannot complain that there was no ruling on it. The record discloses voluntary compliance by the prosecutor with the request for production of witness statements after direct examination, therefore, the appellant has not shown that the absence of a ruling had any effect upon appellant's position.

The remaining motions all concerned the production of evidence. While it is possible that there was some evidence useful to the appellant, it is also possible that there was none or that the district attorney permitted access to his files. Again, we are unable to discern from the record the exact situation in that regard in this case. Appellant has not shown that failure to rule on these motions resulted in exclusion of evidence which met the good cause, materiality and State possession requirements of Article 39.14, supra. Thus, appellant has not met his burden of proving that his trial attorney's neglect, if any, prevented us from review of reversible error.

We have reviewed the entire record and find that the overall quality of representation does not fall short of the reasonably effective standard. Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.