Lucille **ROBLEDO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44940.

Court of Criminal Appeals of Texas.

May 24, 1972.

402

Luther Jones, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and David R. Rosado, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for passing as true a forged instrument; punishment was assessed by a jury at two years and two months.

The sufficiency of the evidence is not challenged.

The appellant's sole contention is that reversible error was committed when proof of an extraneous offense was admitted into evidence over objection.

The evidence shows that on January 8, 1971, the appellant cashed a check at the El Grande Market in El Paso. The check, in the amount of $120.00, was a payroll check from the Sun City Rental and has the name James Edwards[1] signed thereto as the maker. Alberto Lopez is shown as the payee. When the check was presented it was endorsed "Lucy Lopez" and appellant was requested to endorse the name "Alberto Lopez" thereon and she did so.

At the guilt-innocence stage of the trial the state was permitted to introduce, over objection, a judgment of conviction of appellant dated October 27, 1966. Such conviction was for passing a forged instrument and was admitted in the instant case to show intent. The appellant did not testify. However, she did stipulate that she passed the check in question herein. Identity, therefore, is not an issue.

The rule is stated in 25 Tex.Jur.2d, Forgery, Section 59, pages 576, 577, as follows:

"On the issue of guilty intent or knowledge, evidence of other forgeries is admissible to show the state of mind with which the crime in suit was perpetrated, . . . provided such forgeries were not too remote in point of time."

See Verner v. State, 117 Tex.Cr.R. 112, 35 S.W.2d 428.

We conclude that four years and approximately three months is too remote in point of time to show intent.[2] Cf. Franklin v. State, 163 Tex.Cr.R. 330, 291 S.W.2d 322.

1. An employee of the company testified that there was no such person affiliated with Sun City Rental.

2. We are not here dealing with the admission of prior convictions introduced for impeachment, when a defendant testifies in his own behalf. Cf. Taylor v. State, 163 Tex.Cr.R. 42, 288 S.W.2d 516; Stevens v. State, 162 Tex.Cr.R. 19, 280 S.W. 2d 283.

The state argues harmless error. The evidence shows that approximately a month after appellant gave the check she returned to the store and paid it off; that she lived at the address shown on the check; that she was known by the name of Lopez [3] which was the name on the check; and that many wives cashed their husbands' paychecks at that store. We cannot say that under the facts of this case the error in admitting the 1966 conviction was harmless error.

The judgment is reversed and the cause remanded.

ONION, P. J., and ROBERTS, J., concur in the results.

3. One witness testified, " . . . she hasn't been using 'Robledo' ever since she separated from her husband twenty years ago. She rather use 'Lopez'."