**Reinaldo HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10-05-00208-CR.**

Court of Appeals of Texas, Waco.

Aug. 30, 2006.

Rehearing Overruled Oct. 10, 2006.

Geoffrey W. Hutson, Houston, for Appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Reinaldo Hernandez was convicted of aggravated sexual assault and sentenced to life in prison. Because the trial court did not abuse its discretion in admitting extraneous evidence, we affirm.

■ In two issues, Hernandez contends the trial court erred in admitting extraneous evidence over his Rule 404(b) and Rule 403 objections. TEX.R. EVID. 404(b) & 403. The State initially responds that Hernandez' two issues have not been preserved because he did not argue those objections on the record. However, Hernandez presented a trial brief the day of the hearing on the extraneous evidence. The record reflects that the brief was given to the State on the same day. In that brief, Hernandez argued, "Defendant contends that the evidence is inadmissible as a result of Texas Rule of Evidence 404(b) and 403." The trial court obviously read this brief prior to the hearing because prior to his ruling on the extraneous evidence, he stated to Hernandez' counsel:

> And I want to say this: I think that you've done a commendable job in this area from yesterday when this was presented to you and the State's position paper was presented and you went back to your office—either last night or early this morning or into the night—and presented this trial brief. I think, under the circumstances, you've done a very fine job representing your client and it's

a very close call; but that's what judges are for.

Thus, we hold the issues are preserved for our review. *See* TEX.R.APP. P. 33.1

■ In his first issue, Hernandez argues that the trial court erred in admitting the extraneous evidence for the purpose of showing Hernandez' intent because intent could be inferred from the criminal act, itself; and the extraneous offense was too remote to show intent. *See* TEX.R. EVID. 404(b). The extraneous evidence sought to be admitted was testimony that a very similar incident occurred between Hernandez and a 16–year–old female late at night at a Wal–Mart in Bryan approximately 8 years before this incident. The trial court held that the evidence was admissible to show Hernandez' intent.

■ Extraneous evidence offered to prove intent is not relevant if the State's direct evidence clearly establishes the intent element and that evidence is not contradicted by appellant nor undermined by appellant's cross-examination of the State's witnesses. *Rankin v. State,* 974 S.W.2d 707, 719 (Tex.Crim.App.1998); *see also Thrift v. State,* 134 S.W.3d 475, 478 (Tex. App.-Waco 2004), *aff'd,* 176 S.W.3d 221 (Tex.Crim.App.2005). Such evidence *is* relevant, however, "where intent is a material issue and it is not inferable from the act itself." *Id.; see* TEX.R. EVID. 401 (evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). We uphold the trial court's ruling absent an abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1991)(op. on rh'g). That is, as long as the trial court's ruling was at least within the zone of reasonable disagreement, we will not intercede. *Id.*

In a prosecution for sexual assault of an adult, the State must prove that the defendant engaged in the conduct intentionally or knowingly without the complainant's consent. When the defensive theory of consent is raised in a prosecution for sexual assault, the defendant necessarily disputes his intent to engage in the alleged conduct without the complainant's consent and thereby places his intent in issue. *Rubio v. State*, 607 S.W.2d 498, 501 (Tex.Crim.App.1980); *Brown v. State*, 96 S.W.3d 508, 512 (Tex.App.-Austin 2002, no pet.); *see Martin v. State*, 173 S.W.3d 463, 466 n. 1 (Tex.Crim.App.2005). Such intent cannot be inferred from the mere act of intercourse with the complainant. *Rubio*, 607 S.W.2d at 502; *Brown*, 96 S.W.3d at 512.

Although he argues to the contrary on appeal, Hernandez' defensive theory was that, the victim, Amber, consented to the sexual encounter. This theory is evident as early as his opening statement and was perpetuated during cross-examination of two of the State's witnesses which included Amber. For example, through opening and cross-examination, Hernandez informed the jury that Amber lived in an apartment complex that was the "hot-bed" for prostitution in Bryan; that Amber was kicked out of a homeless shelter for dressing scantily and for being overly flirtatious with male clients; that she had a male roommate at her apartment who prostituted young women out of their room; that her roommate tried to make Amber become a prostitute; that Amber was out walking at 2 a.m.; that Amber entered Hernandez' pickup voluntarily; and that later, after the incident, Amber changed into stiletto heels, a short skirt, and a lacy camisole. Hernandez acknowledged during opening that the evidence would show sexual activity between Amber and Hernandez, but the State would not be able to show that Hernandez *forced* himself on Amber. Hernandez raised the defensive theory of consent and placed his intent in issue; therefore, the extraneous offense evidence was relevant to show his intent.

But Hernandez, in passing, also argues that the extraneous evidence was too remote to be relevant to show intent. He relies on a pre-Rules of Evidence case from the Court of Criminal Appeals. *See Robledo v. State*, 480 S.W.2d 401 (Tex. Crim.App.1972). *Robledo* is not controlling. First, Rule 404 imposes no time limitations, and the Rules of Evidence favor the admission of all logically relevant evidence. TEX.R. EVID. 404; *Montgomery v. State*, 810 S.W.2d 372, 375 (Tex.Crim. App.1990). Second, the decision in *Robledo* was based on a specific forgery statute that excluded remote offenses. *Robledo*, 480 S.W.2d at 402. Because Rule 404 does not impose any time limits on extraneous evidence, neither will we.

Based on a review of the record, we cannot conclude the trial court's ruling was outside the zone of reasonable disagreement. Therefore, the trial court did not abuse its discretion in admitting the extraneous evidence over Hernandez' Rule 404(b) objection. Hernandez' first issue is overruled.

Hernandez argues in his second issue that the trial court erred in admitting the extraneous evidence over his Rule 403 objection. *See* TEX.R. EVID. 403. He also contends the trial court did not conduct a Rule 403 balancing test.

As for Hernandez' allegation that the trial court failed to engage in a Rule 403 balancing test, the record does not show that the trial court failed to conduct such a balancing test. The trial court's discussion of the issue prior to its ruling indicates that the trial court had conducted a balancing test and determined that the evidence would be admissible. Hernandez

did not ask the trial court to conduct a balancing test on the record, and he cannot exclude the possibility that the trial court conducted the balancing test in the court's mind. *See Wilson v. State*, 7 S.W.3d 136, 144 (Tex.Crim.App.1999). Thus, the second part of Hernandez' second issue is overruled.

In reviewing the first part of this issue, we must keep in mind that the trial court is given very substantial discretion in balancing probative value on the one hand and unfair prejudice on the other, and the trial court should not be reversed simply because an appellate court believes it would have decided the matter differently. *Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim.App.2006). Factors that go into the trial court's balancing the probative value of the extraneous evidence versus the danger of unfair prejudice are 1) the inherent probativeness of the evidence, 2) the potential the evidence has to impress the jury in some irrational but nevertheless indelible way, 3) the time taken to develop the evidence, and 4) the proponent's need for the evidence. *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex.Crim.App. 1991) (op. on rh'g).

The extraneous offense was very similar to the charged offense, and there was little doubt that Hernandez committed the extraneous offense. Yet the nature of the extraneous offense, the sexual assault of a teenager, may impress the jury in some irrational but nevertheless indelible way because an attack on a 16–year–old victim may cause the jury to perceive a greater threat and thus the need to remove Hernandez from the streets. But, the State developed the evidence of the extraneous offense in less time than it took to develop the charged offense. The extraneous offense was presented through two witnesses during the State's case in chief and one witness on rebuttal. All in all, the State's extraneous evidence covered only 50 pages during the second day of a two-day trial. The time taken was not so much that the jury's attention would be diverted from the charged offense. Furthermore, the State had a great need for the extraneous evidence as well. Consent, and specifically the question of intent, was the only issue in the case. And Hernandez contested intent, beginning with opening statements, by producing evidence that Amber lived in a vortex of prostitution, lived with a pimp, dressed in a revealing way, was out late at night, and entered Hernandez' vehicle voluntarily; in sum, that Amber was a prostitute. The State had no uncontested evidence to prove intent.

We cannot conclude, based on a review of the relevant factors, that the trial court's ruling was outside the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim. App.1991) (op. on rh'g). The trial court did not abuse its discretion in admitting the extraneous evidence over Hernandez' Rule 403 objection. Hernandez' second issue is overruled.

Having overruled each issue, the trial court's judgment is affirmed.

Justice VANCE concurs in the judgment with a note.*

---

* (Note by Justice Vance: "I hope that the Court of Criminal Appeals will take this opportunity to explain when, and to what degree, intent can be 'inferred from the act itself.' *See Prior v. State*, 647 S.W.2d 956, 958–59 (Tex.Crim.App.1983). In *Montgom-*

*ery,* Judge Clinton dissented on original submission, saying: 'It would be a gross understatement to say specific intent to arouse and gratify appellant's sexual desire may be readily inferred from proof of the acts themselves.' *Montgomery v. State,* 810 S.W.2d 372, 385 (Tex.Crim.App.1990) (Clinton, J., dissenting). On rehearing on the court's own motion, Judge Clinton wrote for the majority and found the admission of the extraneous evidence to be error under Rule 403. *Id.* at 397 (on rehearing). When evidence of intent is lacking, we readily infer intent from the act itself to find the evidence sufficient; however, when the question is the admission of extraneous offenses, intent may not be inferred. *Compare Murray v. State,* 24 S.W.3d 881, 886–87 (Tex.App.-Waco 2000, pet. denied), *with Brown v. State,* 96 S.W.3d 508, 511–13 (Tex. App.-Austin 2002, no pet.). Furthermore, the majority criticizes Hernandez for relying on a pre-Rules case in his remoteness issue, but itself relies on a pre-Rules case, *Rubio v. State,* to find that the defensive issue of consent places intent at issue. I cannot join the opinion.")