IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00328-CR

 

Elton Yarbrough,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-01239-CRF-361

 



MEMORANDUM  Opinion










 

            Elton Yarbrough was convicted of
sexual assault and sentenced to 18 years in prison.  He appeals his
conviction.  Because the trial court did not abuse its discretion in admitting
extraneous offense evidence, we affirm the trial court’s judgment.

Background

            Lisa Reynolds and her roommate, Rachel
Wilson, were both foreign students from Lancaster University, England, studying for one year at Texas A&M University.  Reynolds was originally from Dublin, Ireland, but had lived all over the world.  Reynolds met Yarbrough through Wilson’s registration on Facebook, an online website for university students.  Reynolds
then also joined Facebook and communicated with Yarbrough through that website
and through Instant Messaging.  During the Thanksgiving holidays, and after
communicating for a few weeks, Reynolds and Yarbrough went to a bar together to
play pool.  Afterwards, Yarbrough took Reynolds back to her apartment and
entered the apartment with her.  Reynolds hinted for Yarbrough to leave, but he
would not until Reynolds finally told him to leave because she was tired.

            The next night, Reynolds invited
Yarbrough over to her apartment and asked him to bring some alcohol.  He did
so, and after a few drinks, he, Reynolds, Wilson, Wilson’s boyfriend, and
another friend went to a bar.  Reynolds did not spend much time at the bar with
Yarbrough.  At closing time, Yarbrough escorted Reynolds out of the bar.  They
all went back to Reynolds’s apartment.  The other friend then left.

            Yarbrough helped Wilson’s boyfriend
into the apartment because he was extremely intoxicated.  Reynolds was drunk
but not to the point where she could not function.  Yarbrough stayed at the
apartment, wanting to take care of Reynolds.  Later, when Reynolds fell asleep
on the couch, Wilson asked Yarbrough to carry Reynolds to her bed.  Wilson had to ask Yarbrough to leave the room while Wilson helped Reynolds into her
pajamas.  Yarbrough returned to Reynolds’s room and remained there.  He later
asked if he could remove his sweater, which he was allowed to do.  He had on
another shirt underneath the sweater.  He lay down on the bed with Reynolds. 
Yarbrough was on top of the covers while Reynolds was under the covers. 
Reynolds asked Wilson to stay with her.  She did, and crawled under the covers
with Reynolds.  

            At some point, Wilson was pushed out
of bed.  Seeing both Yarbrough and Reynolds asleep, she returned to her room. 
She then heard Reynolds’s door close.  A short time later, Reynolds awoke to
Yarbrough on top of her, with his penis inside her.  Reynolds pushed Yarbrough
off of her, ran to her door, struggled with it before it opened, and ran to Wilson’s room.  She screamed for Wilson to get Yarbrough out of the house.  Yarbrough,
while buttoning his pants, exited Reynolds’s room and left the apartment.  A
few days later, Yarbrough admitted to the sexual encounter on a taped telephone
conversation to Reynolds 

Extraneous Offense

            In one issue, Yarbrough asserts that
the trial court erred in admitting extraneous offence evidence over his Rule
404(b) and Rule 403 objection.  The complained of evidence involved testimony,
offered by the State on rebuttal, from Heather Cahill regarding a sexual
assault on her by Yarbrough which was similar to the assault on Reynolds.

Rule 404(b)

            When reviewing a trial court’s ruling
on the admission of evidence, we apply an abuse of discretion standard of
review.  Casey v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  A
trial court abuses its discretion when its decision lies outside the zone of
reasonable disagreement.  Id.

            The text of rule 404(b) provides in
pertinent part, “Evidence of other crimes, wrongs or acts is not admissible to
prove the character of a person in order to show action in conformity
therewith.  It may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident . . . ."  Tex.
R. Evid. 404(b).  Thus, evidence that does not have relevance apart from
character conformity is inadmissible.  Casey, 215 S.W.3d at 879.  Extraneous-offense
evidence is not inadmissible under Rule 404(b) if the extraneous-offense
evidence is relevant to a fact of consequence apart from its tendency to show
conduct in conformity with character.  Id.  Further, extraneous-offense
evidence is not inadmissible under Rule 404(b) when it is offered to rebut an
affirmative defense or a defensive issue that negates one of the elements of
the crime.  Id. 

            Yarbrough argues that the State had no
reason, other than character conformity, to request the admission of Cahill’s
testimony.  We disagree with Yarbrough.  Although Yarbrough contends otherwise,
throughout the entire guilt innocence phase of the trial, it was evident that
Yarbrough’s defensive theory was that Reynolds consented to the sexual encounter. 
In his opening statement, Yarbrough’s counsel wondered aloud what kind of
signals Reynolds was sending and what kind of signals Yarbrough was receiving. 
During cross-examination of the State’s witnesses, some of whom Yarbrough
re-called as witnesses during the presentation of the defense’s case, Yarbrough
emphasized that Reynolds was educated, sophisticated, experienced with drinking
and socializing in different countries, and was not naive.   He also tried to
establish that Reynolds was more intoxicated than she originally led the jury
to believe.  Yarbrough further emphasized that no one asked him to leave the
apartment, no one asked him to get off the bed, and no one asked him to leave
his sweater on.  During his examination of Reynolds, Yarbrough stressed that
Reynolds liked Yarbrough enough to:  give him her phone number; refer to him in
on-line communications as “Sweets” or “Sweetie;” go out with him alone the
night before the offense; allow him to enter the apartment the night before the
offense; invite him over again the next night; go to a bar with him; place her
hand on his leg (although Reynolds stated that it was due to lack of space in
the back seat of the car); and again allow him into the apartment.  

            Even the trial court acknowledged, out
of the presence of the jury, that “…this whole case is consent.”  At that point
in time, Yarbrough remained silent as to whether or not he was contesting the
issue of consent.  It was not until the State offered the admission of the
extraneous offense that Yarbrough denied developing the theory of consent.  And
when the defensive theory of consent is raised in a prosecution of sexual
assault, the defendant necessarily disputes his intent to engage in the alleged
conduct without the complainant’s consent and places his intent to commit
sexual assault at issue.  Casey v. State, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007).  

            Based on a review of the record, we
cannot conclude the trial court's ruling was outside the zone of reasonable
disagreement. Therefore, the trial court did not abuse its discretion in
admitting the extraneous evidence over Yarbrough’s Rule 404(b) objection.

Rule 403

            The trial court is given very
substantial discretion in balancing probative value on the one hand and unfair
prejudice on the other; and the trial court should not be reversed simply
because an appellate court believes it would have decided the matter
differently.  Powell v. State, 189 S.W.3d 285, 288 (Tex. Crim. App.
2006); Hernandez v. State, 203 S.W.3d 477, 481 (Tex. App.—Waco 2006,
pet. ref’d).  Recently, in Gigliobianco v. State, the Court of Criminal
Appeals clarified its precedents explaining the application of Rule 403 to
"bring it in line with the plain text of 403." Gigliobianco v.
State, 210 S.W.3d 637, 642 n.8 (Tex. Crim. App. 2006).  Under the clarified
standard, a trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence—that is, how strongly
it serves to make more or less probable the existence of a fact of consequence
to the litigation—along with (2) the proponent's need for that evidence against
(3) any tendency of the evidence to suggest a decision on an improper basis,
(4) any tendency of the evidence to confuse or distract the jury from the main
issues, (5) any tendency of the evidence to be given undue weight by a jury
that has not been equipped to evaluate the probative force of the evidence, and
(6) the likelihood that presentation of the evidence will consume an inordinate
amount of time or merely repeat evidence already admitted.  Gigliobianco,
210 S.W.3d at 641-642 (Tex. Crim. App. 2006).  

            Contrary to the argument made by
Yarbrough, Cahill’s testimony strongly served to make the sexual assault on
Reynolds more probable.  The offenses were very similar.  After becoming highly
intoxicated at a local bar, Cahill was offered a ride home by Yarbrough.  He
took her to his fraternity house and placed her on the couch.  Cahill passed
out and woke up to Yarbrough performing oral sex on her.  She told him to stop,
and she pushed him away.  Further, the State had a great need for this
evidence.  Consent was the only issue in this case, and Yarbrough vigorously
asserted throughout the trial that Reynolds consented to the sexual encounter. 
The State had no uncontested evidence to prove that Yarbrough’s sexual
encounter with Reynolds was without her consent.  

            An extraneous sexual assault can
present the danger of the jury making a decision on an improper, emotional
basis.  See Wheeler v. State, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002); Montgomery v. State, 810 S.W.2d 372, 397 (Tex. Crim. App.
1990) (op. on reh’g).  But the presentation of Cahill’s testimony did not take
such a great amount of time as to confuse or distract the jury from the main issue
of the case. Yarbrough argues that Cahill’s testimony was a distraction to the
jury because the direct examination lasted longer than all of the State’s
witnesses except Reynolds and her roommate, Wilson.  However, those other
witnesses only set the stage for the testimony for Reynolds and Wilson and
therefore, should not have been lengthy.  Further, Cahill’s direct examination
consumed less than 20 pages of a two-day trial on guilt/innocence.  Next, there
is nothing to suggest that the jury was not equipped to evaluate the probative
force of the evidence, and as stated previously, the evidence was not unduly
lengthy and did not present unnecessary cumulative evidence.

            Based on a review of the relevant
factors, we cannot conclude that the trial court abused its discretion in
admitting the extraneous offense evidence over Yarbrough’s Rule 403 objection.




Conclusion

            Because the trial court did not abuse
its discretion in admitting the extraneous offense evidence, Yarbrough’s sole
issue is overruled.  The trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs in the judgment with a note) *

Affirmed

Opinion
delivered and filed November 26, 2008

Do
not publish 

[CR25]

 

 

            *
“(The admissibility of the extraneous-offense evidence is a close call but
within the zone of reasonable disagreement.  Applying all the applicable
factors, I agree that the trial court did not abuse its discretion, so I concur
in the judgment.)”