In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00322-CR
NO. 09-13-00323-CR
NO. 09-13-00324-CR
NO. 09-13-00325-CR

_____

**JOSHUA LEE RANDALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 13-03-02356 CR (Counts 1, 2, 3, 4)**

**MEMORANDUM OPINION**

Joshua Lee Randall appeals from his convictions on four counts of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 2014).[1] In three issues, Randall argues that his convictions should be reversed and the cases should be remanded for a new trial. We conclude that

---

[1]We cite to the current version of the statute because the subsequent amendments do not affect the outcome of this appeal.

Randall is not entitled to a new trial based on the arguments he presents in support of his issues; therefore, the judgments of conviction are affirmed.

## Background

In 2012, the State indicted Randall for three felonies that occurred in 2005 and 2006, alleging that he had sexually assaulted two minors, A.B. and B.B.[2] When Randall was indicted, he was twenty-one years old. In 2013, the State re-indicted Randall, adding an additional count to his indictment. The additional count alleges that in 2005, Randall committed another aggravated sexual assault against A.B. At the conclusion of Randall's trial, the jury found Randall guilty on all four of the counts of the indictment. Following the punishment phase of Randall's case, the jury assessed Randall's punishment at nine years in prison on each of his convictions for aggravated sexual assault.

## Charge Error

In issue one, Randall argues the trial court erred by submitting a charge that allowed his conviction based on testimony that he had engaged in delinquent

---

[2]To protect the privacy of the children relevant to Randall's case, we identify them by using initials that disguise their identities. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

conduct.[3] According to Randall, by failing to instruct the jury that he could not be prosecuted or convicted for any offenses that he committed before attaining the age of fourteen, the jury was improperly allowed to use the evidence of his delinquent conduct to find him guilty of the crimes with which he was charged in the indictment. *See* Tex. Penal Code Ann. § 8.07(a)(6) (West Supp. 2014)[4] (providing generally that a person may not be prosecuted for any offenses committed when the person is younger than fifteen, but then allowing a person over fourteen to be convicted if it is shown that the person committed a first degree felony and the case alleging the crime was transferred from juvenile court to criminal district court).[5]

When reviewing a claim of charge error, we must first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If charge

---

[3]We have characterized the testimony about Randall's sexual conduct before he was fourteen years of age as delinquent conduct, as the conduct at issue is classified that way under the Texas Family Code. *See* Tex. Fam. Code Ann. § 51.03(a) (West 2014) (defining delinquent conduct); *see id*. § 54.03(f) (West 2014) (requiring a finding of delinquent conduct to be proven beyond a reasonable doubt).

[4]We cite to the current version of the statute, as the subsequent amendment does not affect the outcome of this appeal.

[5]In this case, Randall argues the State did not show that all of his conduct occurred after he was fourteen. *See* Tex. Fam. Code Ann. § 54.02(a)(2)(A) (West 2014) (authorizing a juvenile court to transfer a case to the appropriate district court for criminal proceedings if the conduct occurred when the child was fourteen or older and where the conduct at issue could be prosecuted as a first degree felony).

error is found to exist, the error is then analyzed to determine if the defendant suffered harm due to the error. *Id.* In this case, the jury heard testimony that addressed sexual conduct involving Randall that occurred when Randall was not yet fourteen years old. Under the Penal Code, the State could not seek to convict Randall of a felony for the type of conduct the evidence reflects he engaged in before he was fourteen. Tex. Penal Code Ann. § 8.07(a)(6), (b) (West Supp. 2014).

The record reflects that Randall did not ask the trial court to include an instruction in the charge that would have explained to the jury that the State could not prosecute Randall based on the evidence of his delinquent conduct. By failing to object or request the trial court to include an instruction in the charge regarding the testimony that related to his delinquent conduct, Randall failed to properly preserve error regarding his complaint that the charge was defective. Despite Randall's failure to properly preserve error, we conclude that the trial court was required to include an instruction in the charge to guide the jury regarding its use of the evidence admitted during the trial that addressed Randall's delinquent conduct. *See Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011) (noting that "the judge's duty to instruct the jury on the law applicable to the case exists even when defense counsel fails to object to inclusions or exclusions in the charge").

4

We use an egregious harm standard to review issues complaining of charge error that the defendant failed to properly preserve for appeal. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). To demonstrate that he is entitled to a new trial based on the arguments he raises in issue one, Randall must show that the error was so egregious and created such harm that he was denied a fair and impartial trial. *See id*. In determining whether charge error is egregious, we consider: (1) the entire jury charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information revealed by the trial record as a whole. *Gelinas v. State*, 398 S.W.3d 703, 705-06 (Tex. Crim. App. 2013). The question of whether egregious harm occurred is determined on a case-by-case basis. *Taylor*, 332 S.W.3d at 489.

*Harm*

First, we consider the role the charge may have played in Randall's trial. Generally, a trial court should avoid submitting a charge that would allow a defendant to be convicted of conduct that was not criminal when the conduct occurred. *See id.* at 486. In evaluating whether the jury convicted Randall based on the testimony about his delinquent conduct, we must examine the charge as a whole to evaluate the role the charge played in the four convictions at issue in Randall's appeal. *See Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). In the absence of evidence to the contrary, appellate courts are to presume

that the jurors followed the instructions provided in the charge. *See Reeves v. State*, 420 S.W.3d 812, 818 (Tex. Crim. App. 2013).

In Randall's case, the application paragraphs of the charge restricted the evidence the jury could consider in deciding whether Randall was guilty of the four crimes that are alleged in Randall's indictment. *See Vasquez*, 389 S.W.3d at 366 (explaining that the application paragraph "is that portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations"); *Hutch v. State*, 922 S.W.2d 166, 173 (Tex. Crim. App. 1996) (explaining that under the facts before the jury, the authority to consider certain evidence came from the application paragraph of charge). Based on Randall's indictment, to prove Randall guilty, the State was required to prove that each of the aggravated sexual assaults involved penetration. In contrast, A.B.'s testimony about Randall's delinquent conduct did not assert that the conduct included penetration. Additionally, the application paragraphs of the charge required the jury to find that Randall was fourteen years of age or older when he committed the acts alleged in the indictment. We conclude that the charge, when read as a whole, did not allow the jury to convict Randall based on A.B.'s testimony addressing Randall's delinquent conduct. *Cf. Taylor*, 332 S.W.3d at 486.

Next, we consider the state of the evidence as it relates to the jury's decision to convict Randall of the crimes alleged in the indictment. In Randall's case, the State was required to prove that Randall sexually assaulted A.B. and B.B. on a total of four occasions in 2005 and 2006. Randall turned fourteen in July 2005. At trial, A.B. testified about the approximate dates that Randall assaulted him; his testimony indicates that the assaults that involved acts of penetration occurred in 2006. The evidence before the jury also shows that the assaults involving B.B. that included acts of penetration also occurred when Randall was fourteen or older. We conclude the record supports the jury's conclusion that Randall was fourteen or older when he committed the assaults for which he was convicted.

We also consider the arguments of counsel in assessing whether the charge at issue caused Randall to suffer egregious harm. During closing, the prosecutor pointed to the evidence that established the sexual assaults occurred when Randall was fourteen or older. Additionally, Randall's attorney explained the State was required to prove that Randall committed the assaults when he was fourteen or older. In closing argument, Randall's attorney argued that A.B. and B.B. were mistaken about when the incidents described by A.B. and B.B. occurred; instead, he argued that if such incidents occurred, they occurred when Randall was twelve years old or younger. While the State mentioned the testimony regarding Randall's delinquent conduct in final argument, it did not dwell on the testimony regarding

7

Randall's delinquent conduct; instead, the prosecutor's argument focused on the testimony that described the assaults as having occurred in 2006. The arguments of the attorneys, in our opinion, made it clear to the jury that it was required to find that the conduct relevant to the crimes occurred after Randall was fourteen.

Finally, we consider any other relevant information in assessing whether the absence of an instruction in the charge regarding Randall's delinquent conduct denied his right to receive a fair and impartial trial. During jury selection, the State explained that one of the elements that it had to prove was that Randall was at least fourteen at the time the offenses occurred. Additionally, Randall's counsel explained that the State had to prove that the assaults occurred when Randall was fourteen or older. Finally, during jury selection, the trial court instructed the jury that "the fact that you may believe the act occurred doesn't stop there. There are other elements, and the one he is talking about is the defendant's age[.]" In our opinion, the jury would have understood from the remarks made by the prosecutor, Randall's counsel, and the trial court that the State was required to prove that Randall was fourteen years of age or older when the offenses occurred.

After reviewing the testimony, the arguments of counsel, and the charge as a whole, we believe the jury understood that it could convict Randall only for conduct that occurred after he reached the age of fourteen. We hold that the trial court's failure to include an instruction in the charge addressing the testimony

8

relevant to Randall's delinquent conduct did not cause any egregious harm. *See Almanza*, 686 S.W.2d at 171. Issue one is overruled.

## Limiting Instruction

In issue two, Randall complains that the trial court failed to sufficiently instruct the jury regarding the testimony about his delinquent conduct. When the testimony regarding Randall's delinquent conduct was admitted, the trial court instructed the jury that the State was offering the evidence for a limited purpose to show intent. Randall objected to the instruction and tendered an instruction that would have advised that the evidence could not be considered unless the acts were proven to have occurred beyond reasonable doubt. The instruction that Randall tendered also advised the evidence could not be considered as evidence of the defendant's guilt of the crimes alleged in the indictment. The trial court refused to submit Randall's proposed instruction.

After the trial court instructed the jury to limit its consideration of the evidence regarding Randall's delinquent conduct to evaluating his intent, A.B. testified that when he was six, he was sexually abused by Randall, but his testimony did not suggest there were any acts of penetration. At the time the delinquent conduct described by A.B. occurred, Randall would have been eleven years old.

On appeal, Randall argues the instruction the trial court provided to the jury during the trial regarding his delinquent conduct was deficient. According to Randall, the instruction the trial court gave the jury failed to inform the jury that his delinquent conduct must be proven beyond reasonable doubt before it could be considered.

First, we address Randall's argument that he was entitled to an instruction during the trial that advised the jury on the burden of proof the State must meet regarding the testimony of Randall's delinquent conduct. Under Texas law, if the trial court has given the jury a limiting instruction to restrict evidence regarding extraneous bad acts to a particular purpose, the trial court is not also required to further instruct the jury at that time regarding the burden of proof that it should use in deciding whether to consider such evidence. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) (noting that "even when a party properly requests a limiting instruction at the time the evidence is first offered, the trial judge need not give an instruction on the burden of proof at that time").

Additionally, Randall argues that the instruction the trial court gave the jury allowed the jury to use the evidence regarding his delinquent conduct as evidence that he was guilty of the crimes with which he was charged. However, the trial court limited the jury's use of the evidence regarding Randall's delinquent

conduct, limiting its use to whether he intended to commit the crimes.[6] We presume the jury followed the trial court's instruction about how it could use this testimony. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). We are not persuaded the trial court erred by refusing the instruction that Randall tendered. We overrule issue two.

## Mistrial

In issue three, Randall argues the trial court should have granted his motion for a mistrial, which he made after the prosecutor, in the jury's presence, called a witness who was unavailable. According to Randall, the prosecutor knew the

---

[6]We note that Randall did not object to the admission of the extraneous offense evidence under 404(b) on the basis that intent can be inferred from the acts themselves and thus the State had no need for intent evidence. *See* Tex. R. Evid. 404(b); *Sandoval v. State*, 409 S.W.3d 259, 299-300 (Tex. App.—Austin 2013, no pet.) (explaining that where the defendant was charged with sexually assaulting a child, the inclusion of extraneous offense was not necessary to prove the defendant's intent because the jury could infer the required intent from the sexual act itself). Nor did Randall object that the extraneous offense evidence was not relevant because he did not claim a lack of intent or inject intent into the proceeding in any way. *See* Tex. R. Evid. 401 (defining relevant evidence); *Hernandez v. State*, 203 S.W.3d 477, 479 (Tex. App.—Waco 2006, pet. ref'd) (stating that extraneous evidence offered to prove intent is not relevant if the State's direct evidence clearly establishes the intent element and that evidence is not contradicted by the defendant nor undermined by the defendant's cross-examination of the witnesses). Although our review of the record shows that the admission of the extraneous offense was not necessary for the purpose of proving Randall's intent, the issue preserved for appeal is not whether the trial court abused its discretion in admitting the extraneous offense evidence for the purpose of showing intent; rather, the issue Randall presents in his appeal is whether the trial court erred by refusing Randall's request to further limit the testimony.

11

witness was unavailable before she attempted to call her, and by calling the witness in the jury's presence, the prosecutor attempted to convey to the jury that the witness, had she testified, would have provided testimony favorable to the State.

We review a complaint regarding the trial court's ruling on a motion for mistrial under an abuse of discretion standard. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Under that standard, the trial court's ruling will be upheld if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). In considering whether an abuse of discretion occurred, we consider the severity of the alleged misconduct, the curative measures taken by the trial court, and the certainty of the conviction absent the misconduct. *See Hawkins*, 135 S.W.3d at 77.

The record shows that during the State's rebuttal, the prosecutor called Jean Randall as a witness. When the witness did not appear before the court, the State rested. At that point, Randall objected and moved for a mistrial, arguing the State knew that Jean was not present. According to Randall's brief, the State created a false impression by calling Jean when it knew she was unavailable, leaving the jury with the impression that Jean would have said something favorable had she testified. The trial court denied Randall's motion, noting that because Jean was subpoenaed for the trial, the State had the right to believe that she would appear.

The record before the trial court includes a bill of review. In the bill of review, the prosecutor indicated that she expected Jean to appear for the trial, but she did not know what Jean looked like. The trial court could reasonably conclude from the information available to it that the prosecutor did not call Jean at a time when she knew Jean was unavailable to testify. We conclude the trial court did not abuse its discretion in denying Randall's motion for mistrial. We overrule issue three.

Having overruled all of Randall's issues, we affirm the trial court's judgments.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 29, 2014
Opinion Delivered March 25, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

13