**AFFIRMED as MODIFIED and Opinion Filed December 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00388-CR**

**No. 05-21-00389-CR**

**JEREMY ALAN ANDREWS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81590-2021**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Following a jury trial, Jeremy Andrews was convicted on two counts of assault on a woman he was dating: (1) third-degree assault causing bodily injury[1] and (2) second-degree assault by impeding breathing and circulation,[2] both enhanced by a prior conviction for family violence. The jury assessed punishment at twenty years' confinement on the first count and life imprisonment on the second. Appellant claims the trial court erred by admitting certain extraneous evidence pursuant to

---

[1] TEX. PEN. CODE ANN. § 22.01(b)(2)(A).

[2] *Id.* § 22.01(b)(2)(B).

Code of Criminal Procedure article 38.371 and the rules of evidence. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Appellant complains the evidence was (1) not in the indictment; (2) confused the jury; (3) inflamed the jury's passions; and (4) was more prejudicial than probative. He suggests the fact that the jury would also hear about his prior adjudicated offense, an element of the charged offense in this case, had an effect as well. He recites the concern that the jury reached its verdict based on "character conforming acts and fear rather than the evidence presented."

But beyond reciting legal standards and providing a bare history of the hearing admitting the 38.371 evidence, appellant does little else. He mentions in his statement of facts that six of the eight witnesses the State presented in its case in chief testified to extraneous assaultive acts, citing the fourth and fifth volumes of the reporter's record as a whole but no associated page references. He notes that, at punishment, the State presented seven more witnesses testifying to assaultive violence but does not point us to any punishment-phase objection on the grounds he raises on appeal. *See* TEX. R. APP. P. 33.1. Appellant provides exactly zero examples of the testimony about which he complains, no citations to the record directing us to the testimony, and no analysis why admitting the testimony of any witness, much less specific witness testimony, was an abuse of discretion. *See Lewis v. State*, No. AP-77,045, 2017 WL 1493489, at *20 (Tex. Crim. App. 2017) (not designated for publication) (inadequate briefing to generally complain about extraneous offense

–2–

evidence without specifically identifying it). Appellant fails to explain how the alleged errors were harmful, other than to complain—without citation—that the State argued the jury should convict him "because he is a bad person regardless of the strength of the underlying facts of the case." *See Wilson v. State*, 473 S.W.3d 889, 901 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (citing *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000)) (inadequate briefing when appellant fails to address harm). Appellant's issues on appeal are inadequately briefed and present nothing for our review. *See Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); TEX. R. APP. P. 38.1(i).

Assuming appellant had adequately briefed his complaints, they fail. We review a trial court's decision to admit evidence of prior crimes, wrongs, or bad acts for an abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). Under that standard, we affirm admissibility rulings when they are within the zone of reasonable disagreement. *James v. State*, 623 S.W.3d 533, 541 (Tex. App.—Fort Worth 2021, no pet.). We have reviewed the record and cannot find a ruling that falls beyond the zone of reasonable disagreement, considering Code of Criminal Procedure article 38.371 and the applicable rules of evidence.

Article 38.371 "provides another non-character-conformity purpose for admitting extraneous-offense evidence" in addition to those listed in Texas Rule of Evidence 404(b)(2). *James*, 623 S.W.3d at 545. The court allowed the victim in these cases to testify during the State's case-in-chief regarding appellant's prior

continuous physical and mental abuse of her. This evidence showed the physical and mental control appellant exerted over the victim and explained her fear of him, which led to her reticence to report the abuse to authorities and her repeated decisions to remain in a relationship with him. *See id.* at 545–46; *Brickley v. State*, No. 03-19-00784-CR, 2021 WL 1418978, at *8 (Tex. App.—Austin Apr. 15, 2021, pet. ref'd) (mem. op., not designated for publication) (evidence of past incident of abuse admissible under article 38.371 because it contextualized the nature of the relationship between defendant and victim and helped explain some of victim's conduct during the incident and her hesitancy in reporting the offense); TEX. CODE CRIM. PROC. ANN. art. 38.371; TEX. R. EVID. 404(b).

Regarding the rule 403 complaint, we cannot agree that the evidence at trial misled the jury, caused undue delay, or was unnecessary and cumulative. Though damaging to his case, appellant has not overcome the presumption that "relevant evidence is more probative than prejudicial." *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g). The extraneous abuse evidence was probative of appellant's culpability for the charged offenses, which were strikingly similar to the others. *See Miller v. State*, No. 06-20-00015-CR, 2020 WL 4044717, at *2 (Tex. App.—Texarkana July 20, 2020, no pet.) (mem. op., not designated for publication) (evidence of prior assaults against the same victim bears on the nature of the relationship between defendant and victim and is relevant).

To evaluate the probative and prejudicial value of evidence, we consider several factors: (1) the inherent probative force of the evidence; along with (2) the proponent's need for it; balanced against any tendency of the evidence (3) to suggest a decision on an improper basis, (4) to confuse or distract the jury from the main issues, (5) to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

Under this framework, the victim's testimony regarding appellant's prior abuse established the nature of their relationship, *see* TEX. CODE CRIM. PROC. ANN. art. 38.371(b); and was not cumulative because the repeated nature of the abuse over time showed the complete picture of the relationship, *see Camacho v. State*, No. 01-20-00282-CR, 2021 WL 2832970, at *8 (Tex. App.—Houston [1st Dist.] July 8, 2021, no pet.) (mem. op., not designated for publication). The evidence pertained to appellant's history of abuse against the victim, her fear, appellant's level of control, the victim's reluctance to report and decision to stay. This evidence contextualized the short-term relationship from April to September 2018; established relevance beyond character conformity and demonstrated appellant's intent to commit the charged offenses near the end of September 2018. *See James*, 623 S.W.3d at 547–48. As noted, the extraneous abuse evidence explained the delay in the victim

reporting the charged assaults as well as her reluctance to disclose it even during the police interview, which appellant used to attack her credibility during trial. *See James*, 623 S.W.3d at 551.

Also, presenting the extraneous evidence did not take an inordinate amount of time. Only two witnesses during the State's guilt-phase case-in-chief testified specifically to extraneous assaults.[3] The victim's extraneous testimony took 30 of her roughly 150 pages of testimony. It took 60 pages for the victim to testify regarding the charged offenses. *See Hernandez v. State*, 203 S.W.3d 477, 481 (Tex. App.—Waco 2006, pet. ref'd) (upholding admission of extraneous offense over rule 403 objection when it took less time to develop extraneous offense than charged offense). The other extraneous witness spent some 4 pages of the transcript testifying regarding the abuse she saw appellant visit on the victim, and appellant's counsel did not cross-examine her. *See id.*

Finally, the extraneous evidence was violent in nature, but was similar to the charged assaults, both including verbal threats, physical beatings, and strangling. The trial court gave limiting instructions in the jury charge, and we presume the instructions mitigated any potential the evidence had to irrationally affect the jurors. *See James*, 623 S.W.3d at 549. Appellant failed to rebut this presumption. *Id.*

---

[3] Two others were the victim's co-worker, who described her observations of the victim, and the victim's neighbor, who provided observations of appellant and the victim.

The State also introduced a video of appellant's arrest by Trophy Club police, but he does not mention this video in his brief, and we construe no complaint regarding the video.

There is no requirement for the trial court to perform the balancing test on the record, and when—as here—the record is silent, we presume the trial court performed the appropriate balancing test before admitting the evidence. *See Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997); *James*, 623 S.W.3d at 551. On this record, were the issues adequately briefed, we could not find the "clear disparity" between the prejudice this evidence may create and the significant probative value in this case. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). Appellant suffered no unfair prejudice. *See Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013) ("[A]ll evidence against a defendant is, by its very nature, designed to be prejudicial."). Rule 403 addresses only unfair prejudice. *Id*. (citing *Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002) (Keller, P.J., concurring) ("Rule 403 renders evidence inadmissible only when the prejudice involved is 'unfair.'")). The trial court's actions did not amount to an abuse of discretion given the allegations against appellant, the history between him and the victim, and the interplay between article 38.371 and the rules of evidence.

To the extent appellant complains of extraneous evidence at punishment, he has failed to point us to an objection to that evidence during the punishment phase, and we have found none. Were it adequately briefed this issue would present nothing for our review. *See* TEX. R. APP. P. 33.1.

On our own review, we note that the judgment in trial cause number 219-81590-2021, appeal number 05-21-00388-CR, lists the incorrect statute of

conviction. Instead of "22.01(b-2) Penal Code", it should read "22.01(b)(2)(B)" and we order that portion of the judgment modified to speak the truth.[4]

We overrule appellant's issues and affirm the judgment of the trial court as modified.

/Bonne Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210388F.U05

---

[4] This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JEREMY ALAN ANDREWS,
Appellant

No. 05-21-00388-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-81590-
2021.
Opinion delivered by Justice
Goldstein. Justices Myers and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

On page 1, under "Statute for Offense," we **REMOVE** the words "22.01(b-2) Penal Code" and **INSERT** "Penal Code § 22.01(b)(2)(B) in their place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered December 28, 2022



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEREMY ALAN ANDREWS,
Appellant

No. 05-21-00389-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-81591-
2021.
Opinion delivered by Justice
Goldstein. Justices Myers and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered December 28, 2022